72 U.S. 413
 18 L.Ed. 657
 5 Wall. 413
 EWING
v.
CITY OF ST. LOUIS.
 December Term, 1866
 
 THIS was a bill in equity, filed in the Circuit Court for Missouri, to enjoin the enforcement of certain judgments rendered against the complainant by the mayor of St. Louis for the amount of alleged benefit to his property from the opening of Wash Street, in that city, and to obtain compensation for the property of the complainant appropriated by the city for the use of the street.
 The bill, after averring the complainant's ownership of certain lots in that city, alleged that the mayor, at the instance of the city, and by its authority, issued a notice and summons against the complainant and others as defendants, addressed to the marshal of the city, with the object of notifying to them proceedings thereby instituted 'for the purpose of condemning private property in order to open Wash Street,' and summoning them to appear before him on a day named, to show cause why the city should not proceed to open the street, &c.
 That a jury was sworn at the instance of the city to assess the damages and benefits against and for the said city and against and for all persons whose property was benefited or taken by the said street being opened, and retuened, as their verdict (in so far as regarded the complainant), that in order to open Wash Street, it would be necessary to take a parcel of land (described) belonging to the complainant, and the actual value of which, without reference to the proposed improvement, was found to be $1027; also, two other parcels (described), the actual value of which was found to be $5825. The jury also found that the entire value of the ground necessary to be taken for the said purpose, including that above named of the complainant, was $18,492. To pay which the jury assessed against the city $100, against the complainant as owner of certain blocks and lots $7993.58, and the residue against other owners, $10,398.42. Total, $18,492.
 That this verdict was afterwards entered on the journal of proceedings kept by the mayor, and was not set aside, but was, within four months after being rendered, reported by the mayor to the city council, and within three months thereafter, to wit, on the 9th day of November, 1858, the city council, by ordinance, appropriated the sum of $100 to pay said assessment against the city; but that the mayor did not, at any time within twenty days after said appropriation was made, render judgment in favor of said city against the complainant, for the said sums assessed against him as aforesaid by the verdict of the jury.
 That the mayor was not vested in law with power and authority to render such judgment against him at any time, and had not any color or pretence of authority by any ordinance or provision of law to render any such judgment at any time after the expiration of twenty days after the appropriation was so made by the council. Nevertheless, that at some long time after the expiration of twenty days thereafter, there was written upon the journal of proceedings of the mayor, where the same still remains, an entry, set forth in the bill in extenso, the substance of which is, that 'Now, on the 20th day of November, 1858, the city council having, on the 9th day of November, 1858, confirmed the award of the jury in the matter of opening Wash Street,' &c., 'and made an appropriation to pay the sum awarded by said verdict against the city, it is therefore ordered, adjudged, and decreed that the city do recover of the said parties and of the said property set forth and described in said verdict the several sums and amounts assessed and allowed by way of benefits in said verdict, on account of,' &c., 'in manner and form following, to wit,' &c. (reciting, so far as regards the complainant, the substance of the verdict), 'amounting, in the aggregate, to the sum of $7993.58 damages by way of benefits, and $1.25 costs, and have execution therefor.' The name of O. D. Filley, mayor, being subscribed at the foot of said entry upon the said journal.
 That the said entry, although of no legal validity, nevertheless tends to, and does, materially injure and prejudice the complainant in this, that the said city, by its officers and agents, gives it out in speeches, and insists that the entry is, in legal effect, a judgment, and as such is conclusive against the complainant as evidence of debt, to the amount therein set forth, to the said city; and that the several parcels of the complainant's property in reference to which said assessments were made are bound and liable for the payment of said alleged debt, to be sold on execution, threatened to be issued in behalf of the city on the pretended judgment; by reason whereof the complainant is injured in the use and enjoyment of his said property, and hindered and prevented from selling and disposing thereof by reason of the cloud cast upon his title thereto, &c.
 The bill then proceeded to allege that the verdict and judgment were invalid, void, and ineffectual in law to deprive him of his said property or to raise against him a debt to the city or otherwise, and set forth various grounds of alleged illegality in the proceedings. The principal of these grounds were, that the proceedings were taken without notice to the complainant or any entry of his appearance in person or by attorney; that the notice required was not published according to law; that no provision was made for compensation for the property taken; that the mayor was not clothed with authority to render the judgment in question by the legislature, and that the city was not empowered to invest him with any such authority; and that the statutes under which the proceedings purported to have been commenced were repealed before the proceedings were completed.
 To this bill the defendant demurred, on the ground, among other things, that it did not contain facts constituting or giving to the complainant any equitable cause of action, or coming within the equity powers of the court; that on the contrary, it appeared that the court as a court of equity had no jurisdiction or authority to take cognizance of any such matters as those described and complained of in the bill; and that it appeared that the complainant had for his alleged grievances, a plain, adequate, and complete remedy given him by law.
 The court sustained the demurrer and dismissed the bill, and the complainant appealed to this court.
 
 Mr. T. Ewing, Jr., for the appellant:
 
 1. This is a proper case for equity jurisdiction. Numerous cases show this.[1]
 2. Our standing in court being established, we are entitled to a decree setting aside the pretended judgment and enjoining execution thereof, on the ground that the mayor had no authority in law to render judgment or issue execution.
 3. The scheme for taking private property for public use, in the execution of which this verdict arised, provides no compensation for the property taken, and is therefore unconstitutional and void.[2]
 4. The proceedings had by the jury were void as to appellant, for want of notice, actual or constructive.
 5. The court having jurisdiction of the parties and the subject-matter, will determine all rights and equities growing out of the case, and will decree compensation for the lands actually appropriated and in the use and permanent occupancy of the defendants.
 
 C. D. Drake, contra:
 
 1. The case is not one for the exercise of the equitable jurisdiction of the court, because if the court could take jurisdiction at all of the revision of the mayor's proceedings, there is a plain, adequate, and complete remedy at law, by certiorari.[3]
 2. The review and correction of all errors, mistakes, and abuses in the exercise of subordinate public jurisdictions, and in the official acts of public officers, belong exclusively to a court of law, and has always been a matter of legal, and never of equitable, cognizance.[4]
 Mr. Justice FIELD delivered the opinion of the court.
 
 
 1
 The object of this suit is twofold——
 
 
 2
 1st. To enjoin the enforcement of certain judgments rendered against the complainant by the mayor of St. Louis for the amount of alleged benefit to his property from the opening of Wash Street, in that city.
 
 
 3
 2d. To obtain compensation for the property of the complainant appropriated by the city for the use of the street.
 
 
 4
 The bill details the steps taken by the city and the mayor, at the instance and as the servant of the city, for the opening of the street, the finding of the jurors summoned before that officer, and the estimates made by them of the value of the property appropriated, and of the benefits which would flow from the improvement, both to the public and to the owners of adjoining property, and sets forth various grounds of alleged illegality in the proceedings.
 
 
 5
 Of these grounds the principal are, that the proceedings were taken without notice to the complainant, or any appearance by him; that the notice provided by law was not published as required; that no provision was made for compensation for the property taken; that no power to render the judgments was vested in the mayor by any act of the legislature, or could be invested in him by the city authorities under any clause of the city charter; and that the statutes under which the proceedings purported to have been taken were repealed before the proceedings were completed. These grounds are by the demurrer admitted to be true, and being true no reason exists upon which to justify the interposition of a court of equity.
 
 
 6
 If the statutes and ordinances under which the mayor undertook to act did not invest him with any authority to render the judgments against the complainant, the judgments were void, and could not cast a cloud upon his title, or impair any remedies at law provided for the protection of his property, or the redress of trespasses to it.
 
 
 7
 On the other hand, if the statutes and ordinances invested the mayor with authority, when new streets in the city were to be opened, to render judgments for the amount of benefits assessed against the owners of adjoining property, and in this instance he failed to follow their provisions, or exceeded the jurisdiction they conferred, the remedy of the complainant was by certiorari at law, and not by bill in equity.
 
 
 8
 With the proceedings and determinations of inferior boards or tribunals of special jurisdiction, courts of equity will not interfere, unless it should become necessary to prevent a multiplicity of suits or irreparable injury, or unless the proceeding sought to be annulled or corrected is valid upon its face, and the alleged invalidity consists in matters to be established by extrinsic evidence. In other cases the review and correction of the proceedings must be obtained by the writ of certiorari. This is the general and well-established doctrine. Examples in which this is asserted are found in The Mayor, &c., of Brooklyn v. Meserole,[5] and in Heywood v. The City of Buffalo,[6] and in the cases there cited.[7]
 
 
 9
 The complainant can ask no greater relief in the courts of the United States than he could obtain were he to resort to the State courts. If in the latter courts equity would afford no relief, neither will it in the former.
 
 
 10
 The second object of the bill—the obtaining of compensation for the property actually appropriated by the city—falls with the first. If the proceedings for its appropriation were void, the title remains in the complainant, and he can resort to the ordinary remedies afforded by the law for the recovery of the possession of real property wrongfully withheld.
 
 
 11
 DECREE AFFIRMED.
 
 
 
 [1]
 Frewin v. Lewis, 4 Mylne & Craige, 254; Simpson v. Lord Howden, 3 Id. 97; Belknap v. Belknap, 2 Johnson's Chancery, 463; Burnet v. City of Cincinnati, 3 Ohio, 86; Anderson and wife v. Commrs., 12 Ohio State, 635; Walker v. Wynne, 3 Yerger, 62; Am. Ins. Co. v. Fisk, 1 Paige, 90; Oakley v. Trustees, &c., 6 Id. 265; Whitlock v. Duffield, 2 Edwards, 366; Page v. City of St. Louis, 20 Missouri, 136; Lockwood v. St. Louis, 24 Id. 20; Fowler v. St. Joseph, 37 Id. 240.
 
 
 [2]
 Gardner v. Newburgh, &c., 2 Johnson's Chancery, 162; McArthur v. Kelly et al., 5 Ohio, 139; Lamb & McKee v. Lane, 4 Ohio State, 167; 2 Kent's Commentary, 334.
 
 
 [3]
 Heywood v. Buffalo, 14 New York, 534; Nichols v. Sutton, 22 Georgia, 369; Myers v. Simms, 4 Iowa, 500; Longfellow v. Quimby, 29 Maine, 196.
 
 
 [4]
 Mooers v. Smedley, 6 Johnson's Chancery, 28; Brooklyn v. Meserole, 26 Wendell, 132; Van Doren v. New York, 9 Paige, 388; Heywood v. Buffalo, 14 New York, 534.
 
 
 [5]
 26 Wendell, 132.
 
 
 [6]
 4 Kernan, 534.
 
 
 [7]
 See also Scott v. Onderdonk, Id. 9.