JOHN R. CAMERON v. THE BOARD OF SUPERVISORS OF
WASHINGTON COUNTY.

1. EMINENT DOMAIN—AD QUOD DAMNUM.—It is not lawful for county authorities to
open a public road across private property without first paying the owner his damages.

APPEAL from the chancery court of Washington
county. HARMON, Chancellor.

The opinion of the court states the case.

*J. A. P. Campbell* and *W. A. Percy*, for appellant.

Looking at the bill it will appear that appellant had
no notice of the petition, and none of the subsequent
proceedings, and will sustain irreparable injury, and
has not been paid a cent for the appropriation of his
property. If the court, upon demurrer, could look to
the exhibits to the bill, it would be seen that the pro-
ceedings of the board of supervisors and their appoin-
tees abound in irregularities and illegality.

The bill presents just grounds for injunction, and
instead of sustaining the demurrer, the chancellor
should have overruled it and required an answer.
Penrice v. Wallis et al. 37 Miss. 172; N. O. M. & C.
R. R. Co. v. Frederic, 46 Miss. 1.

*W. G. Phelps*, for appellees,

Insisted that the board of supervisors had complete
jurisdiction over the subject-matter, and that every-
thing required to be done had been done according to
law; and that complainants had notice of every pro-
ceeding. The order of the board, when the petition
to lay out the road was first presented, recites that due
notice was given the complainant, and base their order
upon that fact. Such recital is conclusive. The pre-
sumption is that the board had the proper evidence

before it to show that complainants had notice. See
Hardy v. Gholson, 26 Miss. 70; Neal et ux v. Wellons,
12 S. & M. 650; Cannon v. Cooper, 39 Miss. 784;
Cason v. Cason, 31 Miss. 538; Code of 1857, art. 9, p.
173; ib. art. 33, p. 419; ib. art. 4, p. 172.

*J. S. Morris*, attorney-general, on the same side.

TARBELL, J.

Certain residents of Washington county having pre-
sented to the board of supervisors of that county,
a petition for the opening of a public road through
the lands of John R. Cameron, such steps were taken
that subsequently the road asked for was ordered
to be opened and worked, and an overseer of such pro-
posed road was appointed and directed to proceed to
open and work the same. At this stage of the pro-
ceedings the said Cameron filed in the chancery court
of Washington county, his bill of complaint, praying an
injunction staying the further progress of said road.
The bill avers that the proceedings to open said road
were without notice to him; that the damages for
opening said road had not been assessed, nor had any
compensation been made to him for the same; that the
supervisors and overseers are insolvent; that the said
road, if opened, would produce irreparable injury to
him; that a jury had been ordered by the board of
supervisors to be summoned by the sheriff, to assess
the damages for the laying out of said road, but that
the damages had not been so assessed; that without
such assessment and payment, the overseer appointed
for that purpose was about to proceed to open and work
said road across the lands of the said Cameron, by
direction of the board of supervisors, whereupon, the
complaint was filed praying an injunction, and that the
same be made perpetual, etc. There was a demurrer
to the bill, which was sustained and the bill dismissed.

From this decree there was an appeal, and the case is now in this court to be heard upon bill and demurrer; according to the rule heretofore established, the exhibits to the bill constituting no part thereof for the purpose of the present adjudication, and will not be examined by us in this condition of the case. The only error assigned is the action of the chancery court in dismissing the bill. The proceedings sought to be enjoined were instituted in 1869, and the final order of the board of supervisors was made and entered October 18, 1871.

Art. 6, p. 172, Code of 1857, is as follows: "If the report of the commissioners shall be confirmed, the damages assessed shall be paid out of the county treasury; and it shall not be lawful to open said road for use until the damages shall be assessed and paid."

Referring to ch. 15 as to roads, bridges, etc., Code of 1857; and ch. 53 on the same subject, Code of 1871; to Coulson v. Harris, 43 Miss. 728; Frederic v. N. O., J. & G. N. R. R. 46 Miss. 1; Richardson et al. v. Scott, tax collector, etc., decided present term,* the decree sustaining the demurrer and dismissing the bill is reversed and the cause remanded, with leave to the defendant to answer within sixty days from this date.