## CITY OF PARIS v. S. W. MASON.

1. The Legislature, in the exercise of the right of eminent domain, may authorize the appropriation of private property to public uses or servitudes; but the appropriation cannot be made without fair compensation in money being first made to the owner. Benefits expected to result to the owner from the public use, cannot be offset against the compensation to which he is entitled.
2. The ruling in De Forest v. Miller (*ante*, 389) approved,—to the effect that the Act of November 1, 1871, authorizing appeals from interlocutory judgments, is nugatory and void.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

The facts are indicated in the opinion of the court, but more fully stated in the argument for the appellant.

*Walton & Green*, for the appellant.

*S. B. Maxey*, and *Hale & McDonald*, also, for appellant. The City of Paris, in the exercise of the powers vested in it

by its charter, laid off certain streets through the property of appellee. In so doing it was made manifest that a house situated on the premises would have to be removed. A jury was empaneled to assess the damages—rendered its verdict, finding no damages over and above the amount actually required for moving said house. An ordinance was passed directing the opening of the streets at the expense of the city, in accordance with its verdict. The appellee thereupon sued out the writ of injunction, praying in his petition "that the city be perpetually "enjoined from any interference with the property of this peti- "tioner, described as aforesaid." This is all the prayer. The question was thus squarely presented: Can the council of City of Paris "open streets and alleys through private lots, if "they deem it necessary, ascertaining the loss and injury to the "proprietor by the verdict of twelve impartial freeholders of "the city, and paying the amount as assessed in compensation "therefor, and in absolute purchase of the premises appropri- "ated." (See 7th Act of incorporation, approved August 10, 1870, page 124 et seq.; Special Laws, 12th Legislature, called Session.) Upon the plaintiff's petition, his Honor Judge Latimer, in chambers, on the 30th day of November, 1871, granted the prayer without qualification, upon petitioner's giving bond in the sum of two hundred dollars.

At the first term after service, the defendant, now appellant, filed its answer under oath, and also made a motion to dissolve the injunction and dismiss the bill, which upon hearing was overruled, and the appellant excepted and gave notice of appeal.

By the 1st Section of the Act above referred to, Paris was created a body politic by the name of the City of Paris, by which it might sue and be sued, etc. The appellee, if aggrieved, had his remedy by action at law in the District Court for damages against the city. He did not pursue it, and he has given no reason why he did not; and so long as he had an adequate remedy at law, he was clearly not entitled to the writ of injunction. As his only prayer was for a perpetual injunc-

tion, and the only purpose of his bill was to get it, it follows that if he was not entitled to the remedy, the injunction should have been dissolved, and the bill dismissed.

*Second.* The bill avers, in substance, that appellee is the owner of a lot in Paris, on which a house is situated; that the corporation appointed a jury to lay off a street through his premises, and to ascertain and assess the damages, and the said jury assessed no damages; that when he bought the lot and improvements, he did so for a residence, and with a view to its proximity to the public square making it desirable; and that, if the street is run through as laid off, it will run within a few feet of his porch, and cuts off for the street most of his front yard, and renders his property greatly less valuable. This street referred to is shown to be Mill street, which he avers will take about twenty feet of his ground. He further avers, that said corporation is threatening to run another street (sixty feet wide) east and west, which will appropriate a larger portion of his ground; that the jury assessed no damages, except the expense of moving petitioner's house on another part of his lot; avers that he purchased said property before the city was chartered, and that no street has ever been established on said property; and that the corporation is threatening and will likely move his house and appropriate his private property without paying his just compensation.

This is the substance and essence of the complaint, and if the reasons are good, and as such, the city can be perpetually enjoined from opening these streets, then the corporation is powerless.

The answer avers that the proceedings were regular. That appellee was present when the jury met for the purpose of opening the streets necessary for the growth and prosperity of the city, and that the opening of the said streets is not to the pecuniary detriment of appellee, but greatly to the advantage of the City of Paris, and to all the citizens thereof, including appellee; and that the city is ready and willing, and so has been, to pay for the moving of said house.

29

The answer further states that appellee bought his property before the present charter was granted, but avers that for many years past and long before he made his purchase, the city had been incorporated under the general law; and that, since 1859, the corporate limits have embraced said property, and that the power of the corporate authorities to extend said streets, existed at the date of his purchase, and that the necessity of its exercise was well known to him, and that he bought with a full knowledge of this power and of this necessity. So far, therefore, as any possible equity there may be in the bill, it is met and completely sworn off by the answer, to which the attention of the court is respectfully invited.

*Third.* The 1st Section of the Act of incorporation, above recited, declares: " It (the City of Paris) shall also possess the " powers and franchises hereinafter declared."

The 7th Section declares the power of the council to open streets and alleys through private lots as heretofore cited. Thus it will be seen, that the power of the City of Paris in the premises is complete, and the only question there can be is as to whether the jury assessed damages enough. The council, desiring to open a street for the public good, are empowered by their charter to do it. The charter points out the mode of assessing the compensation for this private property appropriated to public uses, and it is not pretended but that the corporation in all things acted within the compass of its charter. The jury assessed the damages, to wit: The City of Paris should, at its own expense, move the house to some other part of the lot. In their judgment, the value of the property would be enhanced by the opening of the street from its eastern to its western boundary, through the heart of the city, and removing the house to another part of the lot, free of expense to the appellee. It will be noticed that the petition discloses that the house fronts the square. So it does, acting as a complete barrier to the extension of Clarksville street, the principal street of the city. The city complied with the requirements of its charter, and thereby was empowered to open the street, and if the

damages were not high enough, this is not the way to get at it. It is submitted that the court had no power to grant the injunction upon the showing made. These streets were declared open for public use by an ordinance of the City of Paris, after said city had, in all respects, complied with the requirements of its charter; and neither the citizens of Paris, "nor the "courts of the State, have the right or the power to revise or "review the ordinances passed by the legally constituted au-"thorities, except as to their constitutionality." (City of Waco v. Powell, 32 Texas, 272; Duer v. Police Court, 34 Texas, 284.) Within the limits of the Constitution and Act of incorporation, the ordinances of a city are no more the subject of reversion by the courts, than the acts of any other legislative body. It is not pretended that the 7th Section of the Act of incorporation referred to, is unconstitutional. It could not have been successfully contended that the ordinance was unconstitutional or in violation of the city charter, and certainly cannot now be done.

*W. B. Wright*, for the appellee.

WALKER, J. This is an appeal from an interlocutory judgment of the District Court of Lamar county, and must be dismissed for the reasons given in De Forest, Armstrong & Co. v. Miller.

But it may not be improper for us to remark, in view of the expense and trouble which may be saved by our so doing, that we are of opinion that the District Court held the law correctly in refusing to dissolve the injunction in this case.

The proceedings to condemn the property of the appellee for the use of a street, though authorized by the charter and ordinances of the city, if conducted in a proper manner, were not so conducted in this case.

Private property cannot be condemned and appropriated to public use, without fair compensation being first made to the owner in money. In this case the assessors appear to have

acted upon the principle of off-setting benefits against damages, which cannot be done under our Constitution. (Article 1, Section 14.)

They found by their award that it would cost the city, to remove the house, as much as the amount of damage which the appellee would sustain by the removal; they gave him nothing for the ground which is to be thrown into the public street. It does not appear that there is any advantage whatever to the appellee, in having his house removed to another part of his premises. He must be paid whatever his property is worth, before the city can condemn it to public use, no matter what benefit he may incidentally gain by the change.

This is a matter of such importance to every citizen of the State, that the Constitution places it beyond the power of the Legislature, as well as the corporate authorities of towns and cities, and all other corporations, to gainsay it.

By the exercise of the right of eminent domain, reserved in the sovereignty, the Legislature may authorize the appropriation of private property to public uses and servitudes; but it can only be done upon full and fair compensation being made to the owner, in money.

The owner may sell his property to whomsoever he may see proper, for public as well as private use; but it cannot be taken away from him by any such proceeding as appears to have been adopted in this case; and the court unquestionably acted within its proper sphere, and in accordance with the law, in enjoining the opening of the street until such time as the property was properly condemned and paid for.

The appeal is dismissed.

Appeal dismissed.