" DANIEL GANTT, } ASSOCIATE JUSTICES.
" SAMUEL MAXWELL, }

---

## THE OMAHA AND NORTH WESTERN RAILROAD COMPANY, PLAINTIFFS IN ERROR, v. WILLIAM H. MENK, DEFENDANT IN ERROR.

1. **Practice:** FORM OF ACTION. A party who has been damaged by the location of a railroad, through his premises, where the damages awarded have not been deposited with the probate judge, as provided by *Sec.* 97, *Gen. Stat.* 191, may bring his action for the amount of the award, to enjoin the operating of the road across his premises until payment is made, or he may sue in trespass for the unauthorized entry thereon.

2. **Eminent domain:** DAMAGES ALLOWABLE. An award of damages for the location of right of way for a railroad, although not contemplated in the statute (*Gen. Stat.*, *Sec.* 97, p. 191), contained a provision that the party owning the premises, part of which were taken for right of way, might "move back his house" therefrom; *Held*, valid.

3. **Practice**: BILLS OF EXCEPTIONS—should state affirmatively that they contain "all the evidence." To state that they contain "the substance of the evidence introduced bearing upon the issues," is not sufficient.

ERROR to the District Court of Washington County.

William H. Menk brought his action in that court upon an award made in his favor by commissioners under the provisions of section ninety-seven, chapter eleven of the General Statutes, for damages occasioned by the appropriation of a part of lots nine and ten in block thirty-four of the town of Blair, taken by the Omaha and Northwestern Railroad Company for right of way. The award was as follows:

"We the undersigned, disinterested freeholders and commissioners appointed by the probate judge of Washington County to appraise the damages accruing to William H. Menk, by reason of the appropriation of that part of the following real estate taken for right of way by the Omaha and Northwestern Railroad Company situated in Washington County, Nebraska, as shown on the plat or profile of said road filed and attached to this award, to-wit: through a part of lots nine (9) and ten (10) in block thirty-four (34) as shown in location of said line of road on map of the town of Blair, herewith filed and marked "A," including house to be moved back by said Menk, having been duly qualified and having each personally examined said premises on the day and at the time mentioned in the notice hereto attached, did at the office of said probate judge of said county find said damages to amount to the following sum, to-wit: $325. And we hereby award and appraise said damages at the total sum of three hundred and twenty-five dollars. In testimony whereof we have hereunto set our hands," etc.

This award, signed by the commissioners, was filed with the probate judge, but no money was paid into his hands by the railroad company, nor did the probate judge file the award with the county clerk. It appeared in evi-

dence that the road was built substantially in accordance with the plat filed, though Menk testified that he still occupied the premises and never moved the house off the lots. Judgment was given against the railroad company who now bring the cause here by petition in error.

*John I. Redick*, for plaintiff in error, contended that the facts set forth in the petition could not justify a judgment against the plaintiff in error, because the award of the commissioners exceeded their authority under the statute, of which they were creatures, and they had no power beyond the awarding of a pecuniary compensation; that they had no right to award that Menk should remove his house from the lots, and therefore the award was void; that this award was such a finding as could not be enforced by execution; nor could any appropriation of the property be made until the award was filed with the county clerk, and became a record of the county. In support of these views, counsel cited *Sec. 97, Chap. 11, Gen. Stat. 1 Redfield on Railways*, 381. *Etnier v. Shope*, 43 *Penn., State*, 110.

*E. Wakeley* argued the cause for the defendant in error upon a brief prepared by *John S. Bowen*, presenting among others the following points:

I. The action was brought on the award. There is no allegation of irregularity on the part of the commissioners, mistake, or any other ground by which the award could be impeached. The proceeding throughout was in perfect conformity to the statute, and no objection or point was raised in the trial or pleadings to controvert the same.

II. The plaintiff may maintain an action for the amount awarded. *Smart v. Portsmouth and Concord Railroad*, 20 *New Hampshire*, 233. *Shelburne v. Eldridge*, 10 *Vermont*, 123. *McAulay v. Western Vermont R. R. Co.*, 33 *Id.*, 311. *Williams v. Jones*, 13 *Mees. & Wels.*, 628.

LAKE, CH. J.

That such an action as this can be maintained cannot be doubted, where the damages are not deposited with the probate judge as the statute requires. The owner of the land thus appropriated has his election either to bring his action for the amount of the award, to enjoin the operating of the road across his premises until payment is made, or to sue in trespass for the unauthorized entry upon his premises.

But it is urged as a fatal objection to this award that it contains a provision that Menk should have the privilege of removing his dwelling house from the condemned premises. It is true that this mode of estimating damages is not contemplated in the statute, and why it was adopted in this particular instance is not disclosed by the record. Very likely it was done at the instance of both parties, who may have considered the house of much greater value to Menk than it could possibly be to the company. At all events I must conclude that the award was satisfactory when made, as neither party saw fit to get rid of it by an appeal to the district court. There is no force in this objection.

The only remaining objection worthy of notice, is, that the finding and judgment of the court is not sustained by sufficient evidence. But it is a sufficient answer to this objection to say, that the record does not purport to contain all the testimony submitted to the judge who tried the cause. To justify a re-examination of a question of fact in this court, it must be shown affirmatively that the entire evidence adduced on the trial below is brought up for inspection here. It is not enough to state, as is done here, that it is "the substance of the evidence introduced, bearing upon the issues." It may be true that all the evidence which the court considered relevant, or material to the issues, has been preserved.

But it is not at all times an easy thing to determine whether particular testimony ought to be admitted or rejected, or whether if received, it should be given any weight in the decision of the case. The only safe rule undoubtedly is to require all the evidence to be preserved, and that the record shall disclose the fact that it has been done. But even if the rule were otherwise, and we should take the evidence contained in this record, as all that could have had any legitimate bearing on the issues presented, still I could not hesitate to declare that the finding of the judge is fully sustained, and that no other rational conclusion could have been drawn therefrom, than the one reached by him.

The judgment of the District Court is clearly right and must be in all things affirmed.

JUDGMENT AFFIRMED.

Mr. JUSTICE GANTT, concurred. Mr. JUSTICE MAXWELL, having tried the cause in the court below, did not sit.