PENNSYLVANIA R. CO. v. NATIONAL DOCKS & N. J. J. C. RY. CO.

(Circuit Court, D. New Jersey. March 28, 1893.)

1. INJUNCTION—WHEN GRANTED—CONDEMNATION PROCEEDINGS.

Commissioners who are appointed to condemn a right of crossing for one railroad company over the tracks of another will not be enjoined by a court of equity from considering a certain plan of crossing, which is alleged to be different from that described in the petition for condemnation, when the existence of any material difference is denied by the respondent.

2. SAME—ADEQUATE REMEDY AT LAW.

In such case the injunction should also be denied on the ground that equity will not interfere to control proceedings still pending in a special statutory tribunal and (the condemnation proceedings being under the New Jersey statute) on the further ground that there is an adequate remedy at law, by certiorari from the state courts.

In Equity. Bill by the Pennsylvania Railroad Company against the National Docks & New Jersey Junction Connecting Railway

Company for an injunction to restrain the condemnation by defendant of a right of crossing for its railroad through the yard of the complainant company in Jersey City. Heard on a motion for a preliminary injunction to prevent the condemnation commissioners appointed by the state court from considering a plan of crossing different from that described in the petition for their appointment. Denied.

J. B. Vredenburgh, (Mr. Bedle, of counsel,) for complainant.

Dickinson, Thompson & McMaster, (Gilbert Collins and John R. Emery, of counsel,) for defendant railway company.

ACHESON, Circuit Judge. In opposition to the moving papers the defendant company has submitted the affidavit of its engineer, to the effect that the plan complained of in the bill does not involve any substantial departure from the method of crossing the complainant's property set forth in the petition for the appointment of the commissioners to assess the damages, but presents a mode of crossing, and form of construction, within the scope of the condemnation plan, and reasons in support of this view are therein set forth at length. Moreover, it is now shown to us that the parties and their respective engineers differ in their interpretation of the terms of the clause of the petition relating to the clearance between the rails of the defendant's projected road and the top of the walled cut. Now, whether the position taken by the defendant with respect to the plan complained of is tenable, is a question upon which we do not feel called on to express an opinion. It appears that the commissioners themselves have not definitively passed upon the question, for in overruling the objection to the offer in evidence of this plan their decision was expressed thus:

"The commissioners decide that as they have allowed the Pennsylvania Railroad counsel to put in any evidence they saw fit in relation to the different plans, without any curtailment whatever, they shall allow the other side to continue in the same way."

It may be, then, that ultimately, in making their assessment of damages, the commissioners will reject this plan as an unwarrantable change in the method of crossing defined in the condemnation petition. Now, how can it be said that this is a matter not within the cognizance of the commissioners? The inquiry, it will be perceived, is whether a certain suggested mode of crossing and construction is permissible, under the petition. True, the commissioners are not at liberty to adopt as the basis of their assessment a plan of crossing materially different from that described in the petition. But whether such a deviation is proposed is a subject of disputation. While, on the one side, it is affirmed that the suggested mode of crossing is a plain abandonment of the condemnation plan, the other side earnestly contends that it is fairly within the terms of the petition. Such being the issue, can all consideration of the subject be denied the commissioners? We are not prepared so to hold.

But then, again, by what authority can a court, whether of law or equity, interfere with proceedings yet pending before a special

statutory tribunal, for the purpose of controlling there? Nothing is better settled than the rule that in a matter not purely ministerial, but involving judgment and discretion, the courts will not control public officers or inferior tribunals in the exercise of their functions. Gaines v. Thompson, 7 Wall. 347. Only after the final decision of such special tribunal can judicial authority be regularly invoked for the rectification of errors. Id.; State v. Medical Society, 35 N. J. Law, 200.

Furthermore, here not only is there the right of appeal from the report of the commissioners, but an ample legal remedy, by certiorari, is open to the complainant. Vanwickle v. Railroad Co., 14 N. J. Law, 162; State v. Lord, 26 N. J. Law, 140; Swayze v. Railway Co., 36 N. J. Law, 295; Lehigh Val. R. Co. v. Dover & R. R. Co., 43 N. J. Law, 528. Says Chancellor Green in Hoagland v. Township of Delaware, 17 N. J. Eq. 106, 114:

"The supreme court exercises a supervision and control over all inferior tribunals and corporations, and may control the exercise of their powers, so far as may be necessary to prevent abuse, to protect the rights of the citizen, and redress the wrong of every party aggrieved by their irregular and unlawful action."

And because the remedy at law, by certiorari, is adequate and complete, the courts of New Jersey refuse equitable relief in the class of cases to which the present case belongs. Hoagland v. Township of Delaware, supra; Hoboken Land & Imp. Co. v. City of Hoboken, 31 N. J. Eq. 461. But, if the state courts will not afford the complainant relief in equity, neither should the circuit court of the United States, the legal remedy being ample. Ewing v. City of St. Louis, 5 Wall. 413.

For the foregoing reasons, and without considering the other objections urged against the allowance of an injunction, we must deny this motion.