[L. A. No. 882.   Department One.—June 13, 1900.]

## LAURA ROBINSON, Appellant, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Respondent.

EMINENT DOMAIN—POWER OF RAILROAD UNDER STATUTE—TRESPASS.—A railroad corporation cannot, under sanction of the statute relating to eminent domain, enter upon lands and construct its road, before commencing condemnation proceedings; and, if it does so, it becomes a trespasser, and the ordinary common-law remedies are open to the owner.

ID.—CONSTRUCTION OF RAILROAD WITHOUT CONDEMNATION—ACTION FOR TRESPASS — STATUTE OF LIMITATIONS.—An action to recover damages for a wrongful entry by a railroad company upon the land of plaintiff, and the construction of its railroad thereupon, without proceedings for condemnation, and without plaintiff's consent, if commenced more than three years after the road was built and operated, is barred by subdivision 2 of section 338 of the Code of Civil Procedure.

ID.—IMPLIED PERMISSION—LIMITATION OF TWO YEARS.—If the entry and occupation by the railroad company are lawful by reason of an implied permission by the owner of the land, and not by grant or donation, nor under a statutory right of condemnation, an action for compensatory damages would be barred within the two years' limitation of subdivision 1 of section 339 of the Code of Civil Procedure, applicable to contracts not in writing.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion.

W. F. Bray, for Appellant.

C. N. Sterry, and Henry J. Stevens, for Respondent.

CHIPMAN, C.—Action to recover damages for taking possession of a strip of land one hundred feet wide and constructing thereon a railroad track.   Defendant demurred to the com-

plaint for want of sufficient facts, and also averring that the action is barred by sections 318 and 319, and subdivision 2 of section 338, and subdivision 1 of section 339 of the Code of Civil Procedure. The demurrer was sustained, and, plaintiff declining to amend, defendant had judgment, from which plaintiff appeals.

The complaint sets forth that plaintiff is now, and has been for more than thirteen years last past, the owner of the northeast quarter of section 24, township 5 south, range 3 west, San Bernardino meridian; that defendant is a California corporation formed November 7, 1889, by the consolidation of certain three other railroad corporations, naming them, incorporated under the laws of this state, and that the railroads constructed by these three corporations, respectively, have been operated as parts of one system and under the same general management; that in May, 1887, the California Central Railway Company, one of said three companies, "as agent of the state of California, in the exercise of the right of eminent domain, entered upon the above-described lands of plaintiff and seized and took possession of a strip of said land one hundred feet in width, running diagonally across said above-described northeast quarter of section 24"—particularly describing this strip; that defendant as successor of said last-named company, "in the exercise of its right of eminent domain, constructed a steam railroad upon and over said strip of land, and completed the same on or about June, 1888; and that since November 7, 1889, the defendant has operated the said railroad." It is then alleged that neither of said companies ever acquired title to said strip of land "by purchase or by voluntary grant or donation; that neither said defendant nor said California Central Railway Company ever tendered or paid any compensation for said strip of land so taken and used," and has commenced no proceedings for condemnation, and has never "paid to plaintiff or her predecessors in interest for the taking of said land or the damage thereto." The complaint then sets forth the value of the land, to wit, eight thousand dollars; "and that the said land has been injured by the wrongful act of said defendant in taking possession of said strip . . . . by the operation of a steam railroad thereover," etc., "to plaintiff's damage in the sum of five thousand dollars."

Appellant contends that a railroad company, under the law of this state, cannot acquire title to land for right of way by prescription or adverse possession, and can do so only by purchase or by voluntary grant or donation or by condemnation proceedings, and that any other mode of acquiring title is *ultra vires;* and that the statute of limitations referred to has no application to this case.

It does not appear clearly from the allegations of the complaint that defendant entered upon the land and built its track thereon without permission. It is averred that defendant entered upon the land in the exercise of the right of eminent domain; but it is also averred that no proceedings for condemnation were ever commenced, without which there could be no entry under the right of eminent domain except for the limited purposes prescribed by statute, as will hereafter appear. Assuming that the pleading may be construed as averring that the entry was unlawful, the question to be determined is whether the action is barred.

Plaintiff says in her brief that it is not an action to try the title nor to eject defendant; the complaint alleges and the demurrer admits that defendant has no title. It is therefore unnecessary to consider the cases cited by appellant upon the point as to whether defendant has title by prescription or otherwise. Appellant seems to contend that under our statute a railroad corporation may lawfully enter upon land and build its track without waiting for condemnation proceedings; that as there is no time fixed or ascertainable when the entry would become unlawful, there is likewise no time fixed when the statute of limitations can be set in motion.

By the terms of section 465 of the Civil Code it is provided that a railroad corporation may enter upon land to make surveys to determine the most advantageous route for its road. (Subdivision 1.) It may receive, hold, take, and convey by deed or otherwise, voluntary grants and donations made to it in aid of the construction of its railroad. (Subdivision 2.) It has power "to purchase, or by voluntary grants or donations to receive, enter, take possession of, hold and use, all such real estate and other property as may be absolutely necessary for the construction," etc., of such railroad. (Subdivision 3.) Sec-

tion 1242 of the Code of Civil Procedure, provides that "the state, or its agents in charge of such public use (and a corporation having the right of eminent domain is a state agent in its exercise—Civ. Code, sec. 1001), may enter upon the land and make examinations, surveys, and maps thereof, and such entry shall constitute no cause of action in favor of the owners of the land," etc.   It is a mistaken construction of the statute to suppose that a railroad corporation can enter upon land and construct its road, under sanction of law, before commencing condemnation proceedings.   When it does so it becomes a trespasser as would a natural person under like circumstances, and the ordinary common-law remedies are open to the owner. (*Hull v. Chicago etc. R. R. Co.,* 21 Neb. 371; *Ewing v. St. Louis,* 5 Wall. 413.)   It has been held that the owner may enjoin the entry (*Omaha etc. R. R. Co. v. Menk,* 4 Neb. 21; *Cameron v. Supervisors of Washington Co.,* 47 Miss. 264; *Paris v. Mason,* 37 Tex. 447; *Pierpoint v. Harrisville,* 9 W. Va. 215); also, that he may bring ejectment (*Chicago etc. R. R. Co. v. Smith,* 78 Ill. 96; *Smith v. Railroad Co.,* 67 Ill. 191; *Bothe v. Dayton etc. R. R. Co.,* 37 Ohio St. 147); and in *Potter v. Ames,* 43 Cal. 75, plaintiff recovered for damages *quare clausum fregit* where the county proceeded illegally in taking possession of land for a highway.   In *Smithers v. Fitch,* 82 Cal. 153, plaintiff had the remedy of injunction to prevent an entry upon his land and the commission of a trespass by removing gates erected across a highway placed there by plaintiff, the highway having been illegally established.

It seems to us that the complaint shows a trespass by defendant in 1889 for which plaintiff had his appropriate remedy.   The complaint alleges an unlawful taking of possession in May, 1887; the damages alleged accrued at least as soon as the road was built and operated, which was in 1889.   The complaint was filed August 11, 1899, and we think the action was barred by subdivision 2, section 338, of the Code of Civil Procedure, which bars "an action for trespass upon real property" after three years.

If it should be said that the complaint alleges a lawful occupation—i. e., under an implied permission, and not under any statutory right as for condemnation, and not by grant or dona-

tion—it would fall under the two-year provision relating to contracts not in writing, and the action would be barred by subdivision 1, section 339, of the Code of Civil Procedure.

We are of the opinion that the demurrer was rightly sustained, and therefore advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Van Dyke, J., McFarland, J.