ESLABÓN DE BORINQUEN LODGE, PLAINTIFF AND APPELLANT, v. WORKMEN'S RELIEF COMMISSION, DEFENDANT AND AP-. PELLEE.

APPEAL from the Second District Court of San Juan in Injunction Proceedings.

No. 2879.—Decided July 26, 1923.

WORKMEN— ACCIDENTS— INJUNCTION— WORKMEN'S RELIEF COMMISSION— JURIS-DICTION.—Injunction lies to determine whether or not the Workmen's Relief Commission has jurisdiction to order a beneficial society which employs a single workman who was injured while doing a particular work for the society to pay an indemnity for the accident.

The facts are stated in the opinion.

*Mr. M. Gaetán Barbosa* for the appellant.

*The Attorney General* and *Mr. L. Samalea* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A lodge, "Logia Eslabón de Borinquen", located in Cataño, found itself obliged to make certain repairs on the lower floor of the building where it was established and for this purpose named a committee to carry into effect the work, giving one of the members thereof a certain amount of money for materials to be used in the work, and the member in charge employed Virgil Colorado who was a member of the lodge' in question to do it, the said Virgil Colorado receiving a certain daily compensation for the work. Virgil Colorado had an accident while at this work. This alleged workman sought compensation from the Workmen's Relief Commission which awarded him $800 compensation, and as the alleged employer was uninsured the commission ordered the Treasurer of Porto Rico in accordance with law to recover from the employer, the said lodge, the amount of the award. To prevent the execution of this order the present suit of injunction was filed.

The court below denied the writ by virtue of section 28 of the Act of June 19, 1919, and certain decisions of this

court. It would be a little better if the court would say that it was without jurisdiction or that petitioner had another remedy or something specific to show the matter decided. The appellee maintains, however, that the remedy by injunction did not lie because a writ of certiorari is expressly provided in section 28, *supra.*

An action in equity to restrain proceedings at law where a person's property was to be immediately disastrously affected and especially where his property was to be seized in execution on orders or process alleged to be invalid would lie in many cases if not generally. It is no answer that courts of equity will not ordinarily intervene to control official boards in matters pertaining to their jurisdiction, because in this case the jurisdiction of the Workmen's Compensation Board is attacked.

The appellee cites general authorities to the effect that an injunction will not issue where there is an adequate remedy at law; similarly not unless the person has a property right and no means of protecting it and similarly not where the right of the complainant is doubtful. The appellee has not, however, satisfied us that these principles are applicable to a threatened immediate seizure of property under an alleged void jurisdiction.

We are aware, too, of the dictum of 22 Cyc. 775, where it is said that an injunction will not be granted where relief may be obtained by an appeal, by certiorari, by a writ of prohibition, etc., but further on in the same work it is said:

"Where complainant has a right of appeal in the suit sought to be enjoined, and the injustice complained of can be redressed on such appeal, the action will not be enjoined, especially where a stay of proceedings pending the appeal can be obtained. So an injunction will not issue when there is an adequate remedy by certiorari. Otherwise where the remedy by certiorari is not prompt and efficient."

These citations from Cyc. were not made by the parties

and we have not examined the authorities in the notes.   This is not a case where a court of law may be invoked to remedy its own alleged lack of jurisdiction.

This is a suit where the appellant strongly insists that it is a lodge for fraternal or beneficial purposes; that it is not an employer of labor; that the employment of this laborer was merely casual, and that for these and other reasons the Workmen's Relief Commission had no jurisdiction or authority over it.   Where a law court has exceeded its jurisdiction recourse may be had to that court.   It is a court.   The appellee here is an inferior board with judicial or quasi-judicial powers.   A lodge composed of citizens finds its property threatened by the Treasurer of Porto Rico. None of the parties are before a court.   If the property is sold, no recourse at law is specifically given against the Treasurer.   The appellee in this case concedes that the appellant had no appeal from a decision of the Workmen's Relief Commission because it was not an insured employer of labor.   Was the writ of certiorari granted by section 28, *supra,* the exclusive remedy?

Section 28, *supra,* as amended by the Act of June 19, 1919, is as follows:

"That all employers employing workmen under the terms of this Act shall be bound to contribute to the 'Workmen's Relief Trust Fund' in the form and manner provided herein; *Provided,* That on petition of the aggrieved party, the district court of competent jurisdiction may review upon *certiorari* any decision of the Workmen's Compensation Commission that shall have been rendered in violation of the provisions of this Act, where such a remedy is brought within the term of fifteen days from and after the service of notice of the decision complained of; *And provided, further,* that the legality of any tax fixed by the said commission may also be revised in the same manner and form upon certiorari brought within the term hereinabove mentioned."

The aggrieved party, haled before a body believed to be without jurisdiction, must be nimble.   He must present his

petition of certiorari within fifteen days or be without remedy, according to the appellee. We are of the opinion that the courts when they spoke of the adequacy of a writ of certiorari were not considering a special limited law like the present one. The remedy by certiorari in a case of the attempted exercise of invalid jurisdiction by an inferior board is apparently not adequate and is not exclusive. Persons whose property is threatened as here cannot be limited in the manner proposed.

The general subject of the equity jurisdiction is covered by the Act of March 8, 1906, sections 1 and 2, and more especially by the following citations: 22 Cyc. 786 *et seq.*; 14 R. C. L. 405, 408, all indicating that equity will intervene to prevent certain injustices by other courts and boards. It is true that in *Ewing* v. *City of St. Louis,* 5 Wall. 413, through Mr. Justice Field the court said that certiorari was a proper remedy and not injunction. The court of course was referring to the ordinary writ of certiorari and not the limited writ given by section 28, *supra.* The general Act of March 10, 1904, with regard to certiorari does not authorize the revision of proceedings of inferior boards, but only of inferior courts. In the *Ewing Case,* moreover, extraordinary cases where irreparable injury might arise or else a multiplicity of suits are made an exception.

If the appellant lodge is right in maintaining for any reason, constitutional or otherwise, that the Workmen's Relief Commission had no jurisdiction over it, then we think the remedy given by section 28 is inadequate and not exclusive. If the Treasurer should seize the property of the lodge the appellant would have to travel a long way before he could recover if at all and then only after an expensive litigation. In Porto Rico, moreover, the sharp division between law and equity does not exist. The right of jury trial in civil cases is not preserved. Therefore, we need not look

too closely at the particular remedy sought, whether by injunction or certiorari, unless it clearly does not lie.

At this juncture we express no opinion whether or not the Workmen's Relief Commission may order a person to pay compensation who employs a single workman to do a particular work. We are merely deciding that an injunction will lie to determine that question.

The judgment must be reversed and the case sent back for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.