Logia "Eslabón de Borinquen No. 9752," Demandante y Apelante, *v.* La Comisión de Indemnizaciones a Obreros, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Segundo Distrito, en un procedimiento de *injunction.*

No. 2879.—Resuelto en julio 26, 1923.

Accidentes del Trabajo—*Injunction* contra la Comisión de Indemnizaciones a Obreros—Jurisdicción.—El recurso de *injunction* es adecuado para determinar si la Comisión de Indemnizaciones a Obreros tiene o no jurisdicción para ordenar a una sociedad benéfica que empleó accidentalmente a un solo obrero, el cual resultó lesionado trabajando en determinada obra de la sociedad a la cual pertenecía el obrero, que pague indemnización por tal accidente.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. M. Gaetán Barbosa.*

Abogados de la apelada: *Hon. Attorney General y Sr. L. Samalea.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Una Logia llamada "Logia Eslabón de Borinquen," radicada en Cataño, tuvo necesidad de hacer ciertas reparaciones en la planta baja del edificio donde estaba establecida y para ello nombró una comisión de sus miembros para realizar tales obras, entregando a uno de los miembros cierta cantidad de dinero para la compra de materiales que habían de usarse en la obra, habiendo el encargado de la obra empleado a Virgilio Colorado que era miembro activo de la logia en cuestión para realizarla, recibiendo dicho Virgilio Colorado cierta compensación diaria por el trabajo. Virgilio Colorado sufrió un accidente mientras estaba en su trabajo. Este alegado trabajador solicitó una compensación de la Comisión de Indemnizaciones a Obreros que ordenó se le diera una compensación de $800, y toda vez que el alegado patrono no estaba asegurado ordenó se instruyera al Tesorero de Puerto Rico de acuerdo con la ley para que cobre al patrono, la referida logia, el importe de la compensación. Para impedir el cumplimiento de esta orden fué establecida la presente acción de *injunction.*

La corte inferior desestimó la petición de *injunction* por virtud del artículo 28 de la Ley de junio 19, 1919, y de ciertas decisiones de esta corte. Hubiera sido un poco mejor si la corte dijera que carecía de jurisdicción, o que el peticionario tenía otro remedio o algo específico para demostrar la cuestión resuelta. La apelada sostiene sin embargo que el recurso de *injunction* no procedía toda vez que el auto de *certiorari* está expresamente prescrito en el artículo 28, *supra.*

Una acción en equidad para impedir procedimientos de

ley en los cuales la propiedad de una persona iba a ser inmediatamente afectada desastrosamente y especialmente cuando su propiedad iba a ser embargada en ejecución por virtud de órdenes o diligencias que se alega son nulas procedería en muchos casos, si no generalmente. No se contesta con decir que las cortes de equidad ordinariamente no intervendrán para regular a las juntas oficiales en cuestiones pertenecientes a su jurisdicción porque en este caso se ataca la jurisdicción de la Comisión de Indemnizaciones a Obreros.

La apelada cita autoridades en general al efecto de que no procederá el *injunction* cuando existe un remedio adecuado en la ley, y asimismo a menos que la persona tenga un derecho de propiedad y ningún medio para protegerlo, e igualmente tampoco cuando el derecho del demandante es dudoso. La apelada no nos ha satisfecho, sin embargo, de que estos principios son aplicables a una amenazada e inmediata captura de la propiedad bajo una alegada jurisdicción nula.

Conocemos, además, el principio contenido en el tomo 22 de Cyc. página 775, donde se dice que no se concederá un *injunction* cuando puede obtenerse un remedio mediante apelación, por *certiorari,* por auto inhibitorio, etc., pero más adelante se dice en la misma obra: "Cuando el demandante tiene un derecho de apelación en la acción que se trata de impedir y la injusticia que se alega puede ser reparada por tal apelación, la acción no será restringida, especialmente cuando puede obtenerse la paralización de los procedimientos mientras esté pendiente la apelación. De igual modo no se expedirá el *injunction* cuando existe un remedio adecuado por *certiorari.* El caso no es así cuando el remedio por *certiorari* no es rápido y eficiente." Estas citas de Cyc. no fueron hechas por las partes y no hemos examinado las autoridades de las notas. Este no es un

caso en que puede invocarse la jurisdicción de una corte de ley para corregir su propia alegada falta de jurisdicción.

Este es un pleito en el cual la apelante insiste vigorosamente en que es una logia para fines de hermandad o benéficos, que no es un patrono que ejecuta obras, que el empleo de este obrero fue meramente casual y por estas y otras razones la Comisión de Indemnizaciones a Obreros no tenía ninguna jurisdicción o autoridad sobre ella. Cuando una corte de ley se ha excedido en su jurisdicción puede recurrirse a esa corte. Es una corte. La apelada aquí es una junta inferior con facultades judiciales o cuasi-judiciales. Una logia compuesta de ciudadanos encuentra que su propiedad está amenazada por el Tesorero de Puerto Rico. Ninguna de las partes está ante una corte. Si la propiedad se vende no se da ningún recurso específicamente en la ley contra el Tesorero. La apelada en este caso está conforme con que la apelante no tenía ninguna apelación contra la decisión de la Comisión de Indemnizaciones a Obreros porque no era ella un patrono asegurado. ¿Era el auto de *certiorari* que concede el artículo 28, *supra,* el remedio exclusivo y adecuado?

El artículo 28, *supra,* como fue enmendado por la ley de junio 19, 1919, es como sigue:

"Art. 28.—Todo patrono que empleare obreros bajo las condiciones establecidas en esta Ley, estará obligado a contribuir al Fondo de Depósito para Indemnizaciones a Obreros en la forma y modo en ella prescritos; disponiéndose que a instancia de la parte agraviada, la Corte de Distrito competente podrá revisar mediante *certiorari* cualquier decisión de la Comisión de Indemnizaciones a Obreros, que fuere dictada con infracción de las disposiciones de esta Ley, siempre que dicho recurso se interpusiera en el término de quince días desde la notificación de la decisión impugnada; y disponiéndose además, que la legalidad de cualquier cuota fijada por dicha Comisión podrá ser también revisada, de igual modo y

manera mediante dicho recurso de *certiorari* interpuesto en el término antes referido."

La parte agraviada que ha sido llevada ante un cuerpo que se cree no tiene jurisdicción debe ser rápida. Deberá presentar su solicitud de *certiorari* dentro de quince días o quedar sin remedio, según la apelada. Somos de opinión de que cuando las cortes hablaban de ser adecuado el auto de *certiorari* no estaban considerando una ley especial y limitada como la presente. El remedio por *certiorari* en un caso de un pretendido ejercicio de una jurisdicción nula por una junta inferior aparentemente no es adecuado y no es exclusivo. Las personas cuya propiedad está amenazada como sucede aquí, no pueden estar limitadas en la forma propuesta.

La materia general de la jurisdicción de equidad está cubierta en la ley de marzo 8, 1906, artículos 1 y 2, y más especialmente por las siguientes citas: 22 Cyc. 786, y siguientes; 14 R. C. L. 405, 408; indicando todas que la equidad se interpondrá para evitar ciertas injusticias por otras cortes y juntas. Es cierto que en el caso de *Ewing* v. *City of St. Louis*, 5 Wall. 413, la corte, por conducto del juez Sr. Field dijo que el *certiorari* era un remedio adecuado y no el *injunction*. La corte, por supuesto, se refería al recurso ordinario de *certiorari* y no al recurso limitado que autoriza el artículo 28, *supra*. La ley general de marzo 10, 1904, en cuanto a *certiorari* no autoriza la revisión de procedimientos de juntas inferiores sino únicamente de cortes inferiores. En el caso de Ewing, además, los casos extraordinarios donde podría surgir un daño irreparable o una multiplicidad de acciones constituyen una excepción.

Si la logia apelante tiene razón al sostener por cualquier fundamento, constitucional o de otra clase, que la Comisión de Indemnizaciones a Obreros no tenía jurisdicción

sobre ella, creemos entonces que el remedio conferido por el artículo 28 es inadecuado y no exclusivo. Si el Tesorero se incautara de la propiedad de la logia, la apelante tendría que trabajar mucho antes de poder recobrar si acaso y entonces únicamente después de un litigio costoso. Además, en Puerto Rico no existe la división marcada entre la ley y la equidad. El derecho a juicio por jurado en casos civiles no existe. Por tanto, no necesitamos fijarnos muy estrictamente en el remedio particular que se busca, sea por *injunction* o *certiorari,* a menos que sea que claramente no proceda.

Por ahora no expresamos ninguna opinión sobre si la Comisión de Indemnizaciones a Obreros puede ordenar que pague una compensación una persona que emplea a un solo obrero para hacer determinada obra. Estamos meramente resolviendo que procederá un *injunction* para determinar esa cuestión.

Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.

> *Revocada la resolución apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.