[Civ. No. 4507. Third Appellate District.—November 28, 1932.]

NELSON A. OLSEN, Appellant, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation), Respondent.

[Civ. No. 4508. Third Appellate District.—November 28, 1932.]

GEORGE W. OLSEN, Appellant, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation), Respondent.

Roy L. Daily, George Olshausen and John K. Hagopian for Appellants.

Thomas J. Straub, W. H. Spaulding and J. C. Wood for Respondent.

THE COURT.—Plaintiffs sued defendant for trespass upon their lands. The suits were consolidated for the purpose of trial. A trial was had before the court without a jury and judgment was rendered for defendant that plaintiffs take nothing by their actions. From this judgment plaintiffs have appealed. The facts, in substance, are as follows:

Respondent had secured water rights in and about Lake Almanor for hydroelectric power purposes, including the privilege of flooding the lands adjacent to said lake. In the year 1926, respondent had under consideration the construction of a dam at the southern extremity of the lake where it empties into the north branch of the Feather River. This contemplated project would raise the waters of said lake above the 4,500-foot contour line, the result of which would be to submerge the then existing highway between Red Bluff and Susanville. Under these circumstances the state planned to raise the level of said highway where it would pass through said submerged area.

On May 27, 1926, the California highway commission and respondent entered into an agreement for the erection of the said embankment and the elevation of said highway above the said flooded area.

It appears from the letter written by respondent to the Red River Lumber Company on June 21, 1926, that an understanding existed between them that they were to undertake jointly the construction of said highway embankment, the letter stating that respondent had contracted with one Phillips for the work, and that the said Red River Lumber Company was to pay a designated *pro rata* of the costs of construction.

On June 24, 1926, the said lumber company indorsed thereon its acceptance and approval of the contents of said letter. A more formal contract was entered into on July 13, 1928, between the respondent and the Red River Lumber Company, wherein it was stated that respondent, as the agent of the state of California and for it and in its behalf, had constructed the highway embankment aforesaid jointly with the Red River Lumber Company. This contract was

approved and accepted in all respects by the department of public works (said commission having been succeeded by said department).

On December 29, 1929, an agreement was entered into between the department of public works and the Red River Lumber Company in which it was recited that on the twenty-seventh day of May, 1926, the state highway commission commenced and thereafter completed the said highway embankment, and that in consideration of the agreement of said company to defray a portion of the cost of said work, did grant unto said company the right to use the southerly 18 feet of said highway, for a standard gauge railroad to be used for the private purposes of said company in its lumber business.

The trial court found that the said embankment was completed prior to the 11th of October, 1928.

On October 11, 1928, the state of California commenced an action against the appellants to condemn a right of way and easement over certain lands owned by appellants, being the same lands involved in the instant action. The complaint in that action is in the usual form and the land sought to be claimed was 2.31 acres owned by appellant Nelson A. Olsen and 10 acres owned by appellant George W. Olsen.

In their amended answer to said complaint, among other things, appellants alleged that, by the construction of the highway in the manner contemplated, they would be damaged by reason of the borrow-pits and the taking therefrom dirt, rocks and gravel in an amount upwards of $100,000. It was stipulated that the items for which damages are sought in the instant action are the same items that are set forth in the amended answer in the condemnation action.

The appellants offered evidence in the condemnation case in support of these damages, but upon objection by the state, the court refused to permit its introduction.

In the condemnation action the jury returned a verdict for appellants for the value of the lands taken, allowing no damages for the land not taken. These amounts were paid to appellants after the judgment became final.

There were no improvements on this land condemned, and it was stipulated that all of the dirt, rocks and gravel were taken from the land so condemned.

The present actions were commenced on August 1, 1929, and are actions in trespass for damages against respondent for the alleged wrongful entry on said lands, for the injury to same by the excavation of borrow-pits thereon and for the value of the dirt, rocks and gravel taken from said excavations and used on construction of the said embankment.

Appellants contend that the entries by respondent upon the said lands and excavating said borrow-pits and taking dirt, rocks and gravel therefrom, prior to the said condemnations, were trespasses for which it is liable to appellants for the damages thereby caused. Appellants cite many authorities from other states holding that an entry upon lands of the owner without his consent before condemnation amounts to a trespass, for which an action lies for damages. This contention is supported by decisions of our own state. (*Gurnsey* v. *Northern California Power Co.*, 160 Cal. 699 [117 Pac. 906, 36 L. R. A. (N. S.) 185]; *Robinson* v. *Southern California Ry. Co.*, 129 Cal. 8 [61 Pac. 947].) But in neither of these two cases had there been an award of compensation for the taking of the land.

The rule where compensation has been made for the taking or injury to property is thus stated in Corpus Juris, at page 1069, as follows: "The award and payment of compensation for the taking of the property, or injury to it, will bar an action for damages for trespass upon the land, or injury to it, or unlawful occupation of it, by the appropriating company, in connection with the purposes of the appropriation, but before formal institution of the proceedings, although some authorities have held that the award does not include damages for the wrongful use and occupation of the land prior to the appropriation."

The said Olsens appealed from the judgment in the condemnation case to the Appellate Court, Third District, and after a decision of that court affirming the judgment (*State* v. *Olsen*, 109 Cal. App. 523 [293 Pac. 645, 649]) a petition for a rehearing was denied, and a petition for a hearing in the Supreme Court was also denied. In the course of the opinion rendered in that case the court used the following language: "The gravel and sand which were taken from the borders of the condemned strips of land for use in constructing the highway at that point were necessary and

incidental to the reasonable enjoyment of the easement for which the land was condemned. The taking of this sand and gravel created no added burden on the fee retained by owners, and they are therefore entitled to no special damages on that account (13 R. C. L. 128, sec. 12). It must be assumed that the appellants were fully compensated for the market value of the land taken.

"Under the circumstances of this case, it must be assumed this award for damages included the value of the material taken from the condemned land and used for highway purposes at that point. . . . No effort was made to show that the fee was injured or the land damaged by the taking of the sand and gravel, nor was any effort made to show that these excavations would damage the adjoining land from which the condemned strips were severed. The appellants were fully compensated by the general award of damages."

We are of the opinion that appellants were fully compensated for the dirt, rock and gravel taken from the condemned strips by the award in the condemnation suit.

■ It also appears from the record that there is another reason why the judgment against appellant George W. Olsen should be affirmed. The record in this case clearly shows that the construction of the embankment on said appellant's land was the joint act of respondent and the Red River Lumber Company. On September 19, 1929, the said George W. Olsen executed a release to the Red River Lumber Company for all damages arising from the trespass upon said land, referring to the land in controversy. It is the well-settled law that the release of one or more joint tort-feasors operates as a release of all. (22 Cal. Jur. 763; *Hawber* v. *Raley*, 92 Cal. App. 701 [268 Pac. 943].)

Respondent has submitted other grounds for the affirmance of said judgment, but, in view of the decision we have reached, we do not consider it necessary to consider them.

The judgment is affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1933.