[Civ. No. 5399. Third Appellate District.—June 29, 1935.]

ALBERT M. MARTIN, Appellant, v. WESTERN STATES GAS AND ELECTRIC COMPANY (a Corporation) et al., Respondents.

Peter tum Suden and Richard tum Suden for Appellant.

Thomas J. Straub, W. R. Dunn and Chickering & Gregory for Respondents.

THOMPSON, J.—This is an appeal from the judgment which was rendered in favor of the defendants in a suit for damages and for injunctive relief for the continued taking of water from the American River by the defendants for public commercial purposes, to the detriment of the riparian rights of the plaintiff. The court denied the application for injunctive relief on the ground that the water was appropriated by the defendants for public use, and that the plaintiff had waived his right to equitable relief by his laches. The court further found that the plaintiff's property was damaged to the amount of $5,000 by virtue of the increased appropriation of water by the defendants, but held that this damage was barred by the provisions of section 338, subdivision 2, of the Code of Civil Procedure.

The plaintiff owns Riverton Resort which is situated on the south fork of the American River twenty-five miles east of Placerville. He acquired this property in 1918. In 1876 the El Dorado canal was constructed from a point on the American River nine miles above the plaintiff's property to a point in the same river some distance below his resort. Through

this canal system the owners thereof continued to divert a portion of the surface flow of water from the American River until January 27, 1924. It is not contended this original diversion of water damaged the plaintiff's property. The El Dorado canal system was subsequently acquired, and is now owned and operated by the defendant, Pacific Gas and Electric Company, for public utility purposes. This canal system was enlarged so that it diverted, from and after January 27, 1924, a continuous flow of 155 cubic feet of water per second. This is an excess of 85 cubic feet per second over the former capacity of the canal. The defendants also constructed at an expense of $9,000,000 a dam, reservoir and power plant, to be used in connection with the canal system for the purpose of storing water and generating hydroelectric power for public use. The plaintiff had notice of these improvements and of the defendants' purpose to divert from the American River an increased quantity of water, but failed to institute proceedings to prevent this increased appropriation of water until this suit was commenced, November 8, 1928.

The cause was tried by the court sitting without a jury. The court adopted findings in accordance with the preceding statement of facts. Among the findings which were adopted by the court it was determined that:

"By reason of the increased or enlarged diversion consummated January 27, 1924, by defendants as alleged in said first amended complaint on file herein, including as it did the complete exhaustion of the subflow and underflow theretofore existing at the point of diversion and not withdrawn under prior appropriation, plaintiff's riparian rights were invaded and the accustomed flow of the South Fork of the American River through plaintiff's lands described in paragraph 5 of his amended complaint, was diminished to his substantial damage and that by reason thereof. the value of said lands of plaintiff has been depreciated and damaged in the amount of $5000.00 but that the recovery thereof is barred by the provisions of subdivision 2, Section 338, Code of Civil Procedure."

The plaintiff's application to quiet title and for injunctive relief was denied. On the theory that the diversion of water complained of constituted a trespass upon or injury to the real property of the plaintiff as distinguished from the taking or appropriation of a riparian interest in the property, the court found that the action was barred by the provisions of

subdivision 2 of section 338 of the Code of Civil Procedure, since more than three years had elapsed since the increased diversion of water occurred. A judgment was therefore rendered against the plaintiff to the effect that he take nothing by his action. From that judgment the plaintiff has appealed.

Two questions are raised by this appeal. It is asserted the plaintiff is entitled to an injunction to prohibit the defendants from continuing to divert the increased quantity of water which was appropriated from and after January 27, 1924, and that the court was in error in holding that the suit for damages for the taking and appropriation of plaintiff's riparian rights to water from the American River was barred in three years thereafter.

The court properly denied the plaintiff's application for equitable relief in this case. The plaintiff waived his right to restrain the diversion and appropriation of the increased quantity of water which was taken by the defendants as public utility corporations, after January 27, 1924, by failing to object thereto for a period of over four years after he had knowledge of their expenditure of several millions of dollars in the construction of a dam, reservoir and power plant to be used for diverting, storing and using the increased quantity of water for hydroelectric power and other public purposes. The facts of this case bring it squarely within the preceding statement of the well-established rule of law. (*Gurnsey* v. *Northern Cal. Power Co.*, 160 Cal. 699, 711 [117 Pac. 906, 36 L. R. A. (N. S.) 185]; *Peabody* v. *City of Vallejo*, 2 Cal. (2d) 351 [40 Pac. (2d) 486]; *Sutro Heights Land Co.* v. *Merced Irr. Dist.*, 211 Cal. 670, 691 [296 Pac. 1088]; *Collier* v. *Merced Irr. Dist.*, 213 Cal. 554 [2 Pac. (2d) 790]; *Conaway* v. *Yolo Water & Power Co.*, 204 Cal. 125, 131 [266 Pac. 944, 58 A. L. R. 674].) In the Sutro Heights Land Company case *supra,* the court quotes with approval from the Conaway case, *supra,* as follows:

" 'Where property is taken for a public use by a public service corporation and the owner of the property has not in an appropriate way objected to its being so taken, but has, by silence and acquiescence, permitted the public use to be inaugurated and carried on for some period of time, he has thus waived or lost his right to proceed against such use of his property by ejectment or abatement.' "

■ We are of the opinion the court· erred in holding that the plaintiff's damages for the appropriation of the increased quantity of water from the American River to the detriment of his riparian right thereto, was barred in three years thereafter under the provisions of subdivision 2 of section 338 of the Code of Civil Procedure. It is the established law of this state that the riparian rights of an owner of real property to the use and benefit thereof are an inherent part of the land, and the appropriation of such water is therefore a detriment to the real property as distinguished from a mere trespass. (*Fall River Valley Irr. Dist.* v. *Mt. Shasta Power Corp.,* 202 Cal. 56, 65 [259 Pac. 444, 56 A. L. R. 264].) In the case last cited it is said in that regard:

"We, therefore, here, reassert the riparian right to be a vested property right inhering in and a part and parcel of the abutting lands—a right not gained by use or lost by disuse."

■ It follows that the defendants' appropriation of the plaintiff's riparian right to water from the American River adjacent to his Riverton property constituted a taking and damaging of the real property contrary to the provisions of article I, section 14, of the Constitution of California, and the statutory limitation of time within which the owner thereof may recover damages therefor is not barred in three years, but the right of action for damages, under the circumstances of this case, does not expire short of the five years necessary ·for the defendants to have acquired title to the water by adverse possession. It may not be said the defendants' appropriation of the increased quantity of water was a mere trespass on the plaintiff's interest in the land. (*Litka* v. *City of Anacortes,* 167 Wash. 259 [9 Pac. (2d) 88].) In the case last cited the contention of the City of Anacortes was precisely the same as that which is relied on by the defendants in this case. Like the present action, the Litka case involved damages to the plaintiff's summer resort property which borders on Lake Campbell, from the appropriation of his riparian water rights incident thereto. The City of Anacortes pumped water from the lake, to the detriment of plaintiff's riparian rights, to be used for its city water system. Suit for damages to his property was brought by plaintiff. The court said:

"Riparian rights are recognized in law to be valuable property rights. . . . Since riparian rights are property rights, they cannot be taken by a municipality for public purposes

without just compensation to the owner. . . . When the city appropriated the water from the lake, it took from the respondents the very thing that was necessary and essential to the use of their property, and a valuable property right; in other words the city damaged the respondents' land.''

It was also contended in that case that the appropriation of the water by the City of Anacortes was in the nature of a tort, and that the action was barred in two years thereafter by the provisions of a statute of that state similar to section 338 of the Code of Civil Procedure of the state of California. The court said in that regard:

''This contention presupposes, however, that the respondents' cause of action is a tort action—one for the recovery of damages for injury to property. It is clear, we think, that the action is not one to recover damages for injury to property, but one to obtain just compensation in payment of private property taken for public use. The city did not merely damage respondents' property, but actually took from them the use of their riparian rights. . . . To hold that the action for compensation is barred in two years would be to read an exception into the ten year statute relating to the recovery of real property. . . . His right of recovery is founded upon and grows out of his title to the land, and until such title is lost by adverse possession he should have the right to maintain an action to recover that which represents the property itself. Any other view is to sacrifice substance to mere form. . . . The law is tersely stated in Lewis on Eminent Domain, 3rd ed., Sec. 966, as follows:

'' 'Where the constitution either expressly, or as interpreted by the courts, requires compensation to be first made for property taken for public use, a law which casts the initiative upon the owner and requires him to prosecute his claim for compensation within a time limited or be barred, is invalid. When under such a constitution property is appropriated to public use without complying therewith, the owner's right to compensation is not barred, except by adverse possession for the prescriptive period.' ''

The court having found in the present case that the plaintiff was damaged in the amount of $5,000 by the increased appropriation of his riparian water rights incident to his Riverton property, which finding is adequately supported by the evidence, and that five years have not elapsed since that

232

taking was accomplished it follows that he is entitled to judgment for that sum of money.

The judgment is reversed in so far as it seeks to determine that the ascertained damages to the plaintiff's land is barred by the provisions of section 338 of the Code of Civil Procedure, and the court is directed to render judgment for damages in favor of the plaintiff in the sum of $5,000.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 29, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.