[Civ. No. 19341.    First Dist., Div. Three.    Dec. 20, 1961.]

OCEAN SHORE RAILROAD COMPANY, Plaintiff and Appellant, v. THE CITY OF SANTA CRUZ, Defendant and Respondent.

Vernon W. Humber and Roy D. Reese for Plaintiff and Appellant.

John R. Barber, Jr., City Attorney, and John D. Rogers for Defendant and Respondent.

SALSMAN, J.—The trial court sustained a general demurrer to the appellant's first amended complaint and refused

leave to amend further. This appeal is from the judgment thereafter entered.

It is the appellant's contention that its land has been taken by the respondent and that article I, section 14 of the California Constitution guarantees appellant's right to compensation; that no statute of limitations has been directed to this constitutional provision, and that respondent cannot be deemed to have acquired any right or title to appellant's property by adverse possession. The respondent, on the other hand, contends that statutes of limitation do apply to rights arising out of article I, section 14 of the California Constitution, as well as to other rights; that a statute of limitations applies to the appellant's claim and that appellant's cause of action is barred.

The trial court agreed with the respondent and sustained its demurrer.

The appellant's cause of action is in inverse condemnation, by which the appellant seeks to recover the value of real property taken by the respondent for public use and to recover alleged damages done to the remainder of appellant's property.

The allegations of the complaint are to the effect that appellant is the owner and entitled to the possession of the lands described; that portions of these lands were used by the appellant as a road bed for its railroad from 1905 to 1922; that the property was posted with signs designating it as private property, and stating that permission to pass was revocable; that some time between 1922 and 1933 the respondent city, without notice to the appellant and without payment of compensation, entered upon appellant's land and constructed a public street thereon; that respondent city has never paid for the property taken or any damages for severance; the property taken for public use is described and values fixed upon the various portions taken, and severance damage to the remainder is alleged. Appellant also alleges that on November 18, 1933, it notified the respondent city in writing that it was illegally using the appellant's property, and offered to sell an easement; that the respondent city, through its city engineer and street superintendent, notified appellant that it was "not financially equipped to purchase the right of way" at that time, but that "it might be in the future it will be possible for the City" to consider the purchase; that in 1935 appellant notified the respondent that the property was posted as private property, with permission to pass revocable, and would hold the city responsible for damages occurring by reason of oiling, gravel-

ing and using the property as a public street. There are further allegations in the complaint to the effect that the city has not paid for the property taken or damage to the remainder; that the city never obtained any order of possession; and that the appellant allowed the respondent to remain in possession only in reliance upon the implied promise that when the respondent became financially able to do so it would pay the fair, full market value of the property taken and the damage to the remainder. Other allegations are to the effect that the city's entry was in violation of the Constitution of the State of California, article I, section 14, and of the Fifth and Fourteenth Amendments to the Constitution of the United States, and in violation of sections 1237 to 1264.9 of the Code of Civil Procedure of the State of California.

The prayer of the complaint is for the determination by a jury of the value of the property taken and the severance damages, and for payment thereof by the respondent, together with interest on the award from the date of taking.

In their briefs the parties agree that the principal question to be decided is the applicability of a statute of limitations, if any, to the alleged cause of action.

We have concluded that general statutes of limitation are applicable to the cause of action set out in the appellant's complaint and that appellant's cause of action is barred by Code of Civil Procedure section 338, subdivision 2 and by the five-year provisions of the Code of Civil Procedure relating to the acquisition of title by adverse possession.

In *Wilson* v. *Beville*, 47 Cal.2d 852 at page 860 [306 P.2d 789], the court, in referring to the applicability of statutes of limitation to a claim in inverse condemnation stated: ''Such procedural matters are fully covered by the state statutes such as those on eminent domain (Code Civ. Proc., § 1237 et seq.) and those on limiting the time within which actions may be brought. (Code Civ. Proc., §§ 338, subd. 2, 318-325.)'' In a footnote to this passage the court added: ''There may be some question which statute applies in inverse condemnation cases,'' and, after quoting at length from the article in 18 California Jurisprudence 2d, Eminent Domain, § 382, concluded: ''In any case the time within which recovery may be had is covered by state statute.''

It has been said that a state and its subdivisions, when taking private property for public use, cannot be a trespasser. (*Aylmore* v. *City of Seattle*, 100 Wash. 515 [171 P. 659, L.R.A.

1918E 127].) However, in the early case of *Potter* v. *Ames,* 43 Cal. 75, it was held that a county may be held liable in trespass where it proceeds illegally in taking possession of land for a highway. In *Robinson* v. *Southern Cal. Ry. Co.,* 129 Cal. 8 [61 P. 947], in effect an action in inverse condemnation, the plaintiff sought damages for the wrongful entry upon her lands by the defendant and the construction of a railroad across the property. The action was filed 10 years after the wrongful entry and the court held that the defendant's conduct amounted to a trespass, and the cause of action was barred by Code of Civil Procedure section 338, subdivision 2. The same result was reached on similar facts in *Williams* v. *Southern Pacific R. R. Co.,* 150 Cal. 624 [89 P. 599]. See also *Heimann* v. *City of Los Angeles,* 30 Cal.2d 746 at 753-754 [185 P.2d 597].

It should be noted here that the appellant's complaint alleges that "some time after the year 1922 and before November 18, 1933, the defendant City of Santa Cruz . . . did enter upon the premises of the plaintiff and did construct thereon . . . a certain street or highway . . ." While the exact date of entry was not specified in the complaint it was represented to the trial court in oral argument on the demurrer that the entry was in 1922, 1923, 1924 or 1925. The Reporter's partial transcript is before us by stipulation and that date is fixed by the appellant's counsel at page 22, line 25; page 23, line 15, and page 24, line 23.

Thus, the allegations of the appellant's complaint, as interpreted by appellant, show that at the very least the respondent committed a trespass upon appellant's lands some time between 1922 and 1925 when it made its entry thereon without permission or consent of the appellant, and proceeded to construct a road for the use of the general public. The appellant's cause of action arose at the time of the unlawful entry and since the complaint in this action was not filed within three years after the date of entry, the appellant's cause of action is barred by Code of Civil Procedure section 338, subdivision 2.

■ The five-year provisions of the Code of Civil Procedure relating to the acquisition of title by adverse possession are also applicable to the pleaded facts, and operate to bar the appellant's claim. Some cases have held that, under facts similar to those set out in the amended complaint, the owner's right of recovery is founded upon and grows out of his title to the land, and until such title is lost by adverse

possession the owner should have the right to maintain an action to recover that which represents the property itself. Under such circumstances, where property is appropriated to public use without complying with the constitutional mandate that compensation first be paid, the owner's rights are not barred, except by adverse possession for the prescriptive period. Thus, in *Martin* v. *Western States G. & E. Co.*, 8 Cal. App.2d 226 [47 P.2d 522], and *Podesta* v. *Linden Irr. Dist.*, 141 Cal.App.2d 38 [296 P.2d 401], both cases in inverse condemnation, the applicable statute was held to be the five-year limitation expressed in the Code of Civil Procedure.

Under the pleaded facts, the City took possession of appellant's right of way as late as 1925, and possibly as early as 1922. Upon taking possession the city constructed a public street by means of grading, graveling and oiling the roadway. The complaint characterizes these acts as having been done "wrongfully" by the respondent city. Possession by the city, and use of the roadway as a public street has been open and continuous, with full knowledge of the appellant from at least 1925 until the date of the filing of the complaint (1959). Under these facts it is clear that the appellant's cause of action is barred by the five-year provisions of the Code of Civil Procedure.

The appellant contends, however, that the respondent is estopped to assert any statute of limitations against appellant's claims. This contention is based upon the alleged fact that in 1933 the appellant offered to sell the respondent city an easement of right of way, and that the city, through its engineer and street superintendent, notified the appellant that the city was "not financially equipped to purchase the right of way" but that "it might be in the future it will be possible for the City" to consider the purchase, and that the appellant, in reliance upon this language, as an implied promise to pay, allowed the city to remain in possession of the property which it had appropriated some time between 1922 and 1925. There is no merit in this claim of estoppel. The pleaded facts relied upon as an implied promise do not show a promise at all. The most that can be said for the language pleaded is that it is a vague and innocuous statement of a city employee, whose authority to purchase and acquire property and to act for the city does not appear. The character of the words used is not such as to justify any reasonable reliance thereon by appellant. It is fundamental also that in the acquisition of

city property the action of the city council is required. (Gov. Code, § 37350 et seq.) Moreover, the acts of municipal officers without authority are void and cannot be validated by the application of principles of estoppel. (*Raisch* v. *City & County of San ·Francisco*, 80 Cal. 1 [22 P. 22]; *Wheeler* v. *City of Santa Ana*, 81 Cal.App.2d 811 [185 P.2d 373].)

Appellant's final contention is that the judgment appealed from, based upon a statute of limitations, violates the due process clause of the Fourteenth Amendment to the Constitution of the United States, in that it has been deprived of its property without due process of law.

It has been held that a constitutional right is always subject to reasonable statutory limitations as to the time within which to enforce it, if the Constitution itself does not provide otherwise. (*Coombes* v. *Getz*, 217 Cal. 320 [18 P.2d 939]; *Rand* v. *Bossen*, 27 Cal.2d 61 [162 P.2d 457]; *Scheas* v. *Robertson*, 38 Cal.2d 119 [238 P.2d 982].) The power of the Legislature to provide reasonable periods of limitation is unquestioned and the fixing of time limits within which particular rights must be asserted is a matter of legislative policy. (*Olivas* v. *Weiner*, 127 Cal.App.2d 597 [274 P.2d 476]; *Terry* v. *Anderson*, 95 U.S. 628 [24 L.Ed. 365]; 31 Cal.Jur.2d, Limitation of Actions, § 4.) The only restriction as to the legislative power with respect to a statute of limitations is that it must not be so manifestly inequitable as to amount to a denial of justice, and unless such is the case its determination is final.

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied January 9, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1962.