Filed 6/11/26  Chan v. Town of Atherton CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TONY CHAN et al.,<br><br>        Plaintiffs and Appellants,<br>v.<br>TOWN OF ATHERTON,<br><br>        Defendant and Appellant;<br><br>GRANITE CONSTRUCTION CO.,<br><br>        Defendant and Respondent. | A170019<br><br>(San Mateo County<br>Super. Ct. No. 19-CIV-07567) |

Plaintiffs Tony Chan and D.T. McKee Corporation (McKee) sued defendants Town of Atherton (Atherton) and contractor Granite Construction Company (Granite) alleging a road closure interfered with access to plaintiffs' gas station business abutting the road.  Plaintiffs asserted causes of action that included inverse condemnation, willful misconduct, violation of federal civil rights, nuisance, and promissory estoppel.  After the trial court sustained defendants' demurrers and then granted their motions for summary judgment on the remaining claims, judgment was entered in favor of Atherton and Granite, and against plaintiffs.

Plaintiffs and Atherton have both appealed.  Plaintiffs argue the trial court erred in (1) sustaining Atherton's demurrer on the inverse

1

condemnation causes of action; (2) sustaining Granite's demurrer on the willful misconduct cause of action; (3) sustaining defendants' demurrers on the federal civil rights cause of action; and (4) granting defendants' motions for summary judgment on the remaining nuisance and promissory estoppel causes of action. Atherton argues in its cross-appeal that the trial court erred in denying its motion for attorney fees. We affirm the judgment.

**BACKGROUND**

*The Action*

Plaintiff Tony Chan filed this lawsuit on December 20, 2019.[1] Chan alleged he had a gas station business on leased property abutting Marsh Road and an "easement of access" that "extended up and down Marsh to the nearest intersection and on the side streets into the general system of roads." He alleged Atherton had closed Marsh Road *and* connected side streets for three and a half months—ending in September 2016—for construction on the road and adjacent drainage channel. Chan alleged the road was closed to " 'through traffic,' " such that the only vehicles allowed access were those with a placard issued to residents and businesses in the closed-off area. He alleged the road closure impeded access to his gas station business such that it "never recovered," forcing him to close it in January 2017. The original complaint named several defendants, including not only Atherton but also Granite, the company Atherton contracted with to do the construction.

Chan filed a first amended complaint. Defendants demurred. The trial court dismissed some causes of action upon plaintiffs' request, but otherwise sustained the demurrers with leave to amend.

---

[1] The original complaint named three gas station employees as additional plaintiffs. Judgments or dismissals were ultimately entered against each of these employee plaintiffs, and they are not parties to this appeal.

2

### The Second Amended Complaint

Chan filed a second amended complaint. Among other things, it included a cause of action against Granite for willful misconduct and alleged that Granite had employed the "flaggers" posted on Marsh Road who had denied vehicles access to and from the gas station property.

### Granite's Demurrer to The Second Amended Complaint

Granite demurred to the second amended complaint and argued that the willful misconduct cause of action asserted against it was barred by the three-year statute of limitations for negligence; the construction ended in September 2016 and the lawsuit was not filed until December 2019. The trial court sustained Granite's demurrer to this cause of action without leave to amend.

### The Third Amended Complaint

Plaintiffs filed a third amended complaint, naming McKee as an additional plaintiff. It alleged McKee was an entity owned solely by Chan as a "business vehicle for running his gas station" and was the lessee of the gas station property.

Plaintiffs maintained various causes of action against Atherton in the third amended complaint, including claims for inverse condemnation under the federal and state Constitutions. (U.S. Const., 5th Amend.; Cal. Const., art. I, § 19, subd. (a).) Plaintiffs again alleged that they had an easement of access up and down Marsh Road and on side streets, and that defendants had interfered with this easement by denying access to any vehicle without a placard. Plaintiffs further alleged that the road closure resulted in a 95 percent drop in gas station business receipts during the three and a half months of construction, forcing the business to close.

Plaintiffs also maintained causes of action for violation of federal civil rights (42 U.S.C. § 1983) (section 1983), nuisance, and promissory estoppel against both Atherton and Granite.

## Defendants' Demurrers to The Third Amended Complaint

Atherton and Granite demurred to the third amended complaint. Atherton argued that plaintiffs had failed to state a claim for inverse condemnation because, under *People v. Ayon* (1960) 54 Cal.2d 217 (*Ayon*), "[t]emporary injury resulting from actual construction of public improvements is generally noncompensable." (*Id.* at p. 228.) Atherton also argued that the claims were barred by the statute of limitations. The trial court sustained Atherton's demurrer without leave to amend on the inverse condemnation causes of action pursuant to *Ayon*. It did not reach Atherton's additional argument on the statute of limitations.

Both Atherton and Granite then argued that plaintiffs had failed to state a claim under section 1983 and any such claim was time-barred. The trial court sustained defendants' demurrers on the section 1983 cause of action without leave to amend.

The trial court also sustained Granite's demurrer on the promissory estoppel cause of action because it was based upon an "alleged assurance" by an Atherton employee, and not any officer, director, managing agent, or employee of Granite. The court denied Atherton's demurrer on this cause of action. It also denied Atherton and Granite's demurrers on the nuisance cause of action.

## Defendants' Motions for Summary Judgment

Atherton moved for summary judgment on the remaining promissory estoppel and nuisance claims asserted against it, arguing these claims were time-barred under Government Code section 945.6. Government Code

4

section 905 requires, with certain enumerated exceptions, the presentation of a prelitigation claim for "all claims for money or damages" against a local public entity. Plaintiffs presented their claims to Atherton in March and May of 2017. Government Code section 945.6, subdivision (a)(2) then provides, in relevant part, that any suit against a public entity for a cause of action requiring presentation of a prelitigation claim must be commenced "within two years from the accrual of the cause of action," excluding any extension agreed to in writing of the time period for the public entity to review the claim.

In their opposition to the motion, plaintiffs argued that after presenting prelitigation claims, their then-attorney Nicholas Rossi had obtained an agreement to extend the statute of limitations. Plaintiffs cited several communications between Rossi and Atherton's claims adjuster to support their argument. A December 8, 2017 e-mail from the adjuster to Rossi, for example, requested additional claim materials "[w]hen you have time." An April 3, 2018 e-mail from Rossi thanked the adjuster for his "patience." And an August 30, 2019 e-mail from Rossi referenced "a stipulation for extension of time." Along with their opposition, plaintiffs also submitted a declaration from Rossi stating he was "informed and believe[d] and thereon allege[d]" that the adjuster had sent him a hard copy letter in November 2017 stating Atherton would " 'take no action' " until hearing from him, but that the letter "has been misplaced, unfortunately." Atherton objected that the Rossi declaration was inadmissible because it was not signed under penalty of perjury; Rossi instead ended his declaration, "I hereby certify that the above statements are true and correct to the best of my knowledge." (Code Civ.

5

Proc., § 2015.5 [detailing form of declaration "under penalty of perjury"][2]; *Safieddine v. MBC FZ, LLC* (2024) 103 Cal.App.5th 1086, 1094, fn. 9 ["declaration not signed under penalty of perjury under the laws of California has 'no evidentiary value' and can be disregarded"].)  Atherton also submitted a declaration from its claims adjuster stating he did not make any agreement to extend the statute of limitations.

Plaintiffs alternatively argued that there was a triable issue of material fact as to whether the statute of limitations had been equitably tolled.   The doctrine of equitable tolling is " 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits' " where a plaintiff has several legal remedies and pursues a different one first.  (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99 (*McDonald*).)  The elements are timely notice to the defendant of the claims against it, lack of prejudice to the defendant, and " 'reasonable and good faith conduct on the part of the plaintiff.' "  (*Id.* at p. 102.)

The trial court sustained Atherton's evidentiary objection and granted summary judgment, noting it was undisputed that plaintiffs did not file their lawsuit until more than two years after the accrual of their causes of action. The court found there was "no reasonable objective evidence" that Atherton granted a written express extension of the statute of limitations, entered into a tolling agreement, or made any affirmative misrepresentation as to the statute of limitations that would "effectuate a legal estoppel or waiver."

Granite also moved for summary judgment, arguing the remaining nuisance claim asserted against it was barred by the three-year statute of limitations in section 338, subdivision (b) for injury to property and the two-

---

[2] Further undesignated statutory references are to the Code of Civil Procedure.

year statute of limitations in section 335.1 for personal injury. Plaintiffs opposed, arguing the statutes of limitations had been equitably tolled by the presentation of plaintiffs' claims to Atherton and the purported extension agreed to by its claims adjuster. The trial court granted Granite's motion.

### Atherton's Motion for Attorney Fees

Atherton moved for attorney fees pursuant to section 1038. Section 1038 provides, in relevant part, that at the time of granting summary judgment a court may award reasonable attorney fees incurred by a public entity defending a claim if "the proceeding was not brought in good faith and with reasonable cause." (§ 1038, subds. (a)–(b).) Atherton argued that plaintiffs did not have reasonable cause to continue with their remaining promissory estoppel and nuisance claims after the trial court granted Atherton's demurrer on the third amended complaint.

The trial court denied the motion. It first found the motion itself was "procedurally defective" because, for example, it did not specifically state the parties against whom the motion was brought. The court then determined there was a "colorable dispute" regarding the statute of limitations on plaintiffs' promissory estoppel and nuisance causes of action. The court reasoned that Rossi had "repeatedly represented to the Plaintiffs themselves and to subsequent counsel for Plaintiffs that he obtained an extension of time on the statute of limitations in writing." That representation was "not put to the test" until Rossi and the claims adjuster were deposed in the weeks before Atherton filed its summary judgment motion.

The trial court thus concluded that plaintiffs and their current attorney "could reasonably have thought" the remaining causes of action, and their opposition on the statute of limitations, were "tenable on the merits."

7

Judgment was entered in favor of Atherton and Granite, and against plaintiffs.  Plaintiffs filed a notice of appeal.[3]  Atherton filed a cross-appeal.

## DISCUSSION

### I. Inverse Condemnation

Plaintiffs argue that the trial court erred in sustaining Atherton's demurrer on the inverse condemnation causes of action.  "The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides:  '[N]or shall private property be taken for public use, without just compensation.' " (*Cedar Point Nursery v. Hassid* (2021) 594 U.S. 139, 147.)  And under the California Constitution, private property may not be "taken or damaged" for public use without just compensation.  (Cal. Const, art. I, § 19, subd. (a).)  The inclusion of "damage[]" in the California clause "protects a somewhat broader range of property values" than its corresponding federal provision.  (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 9, fn. 4 (*Hensler*).)

Plaintiffs contend the trial court erred in its rationale for sustaining Atherton's demurrer on these causes of action because *Ayon* has no application here.  In that case, plaintiff supermarket owners brought an eminent domain challenge related to proposed construction that would impair one of the two entrances to their adjacent customer parking lot.  (*Ayon*, *supra*, 54 Cal.2d at pp. 220–223.)  The California Supreme Court explained "[t]emporary injury resulting from actual construction of public

---

[3] Defendants contend it is unclear which plaintiff(s) have appealed here because the opening appellate brief uses the term "appellant" in its singular form and does not reference McKee.  Given the notice of appeal was filed on behalf of Chan *and* McKee, and the opening brief was filed by the attorney of record for both parties at that time, who is identified on the cover of the brief as attorney for "Plaintiffs/Appellants/Cross-Respondents" (plural), we treat the appeal as presented by both plaintiffs.

8

improvements is generally noncompensable," even as it allowed that "substantial although temporary interference with the property owner's rights of possession or access" occurring during construction may be compensable. (*Id.* at pp. 228–229.) Here, plaintiffs seek to come within the exception for a substantial interference, alleging that for three and a half months access to the road abutting their gas station (Marsh Road) and connected side streets was completely blocked to vehicles without a placard, resulting in a 95 percent reduction in business receipts and forcing the business to close.

Atherton offers two arguments in response: either (1) the trial court properly sustained the demurrer under *Ayon* and its subsequent application to inverse condemnation claims, or (2) any error was harmless given Atherton's alternative argument raised below that the applicable statutes of limitations barred those claims. We agree with the latter argument and thus have no occasion to reach the former.

"It is well settled that an appellate court reviews the ruling of the trial court, not its rationale, and may affirm a trial court ruling on any proper basis presented by the record, whether or not relied upon by the trial court." (*Cates v. California Gambling Control Com.* (2007) 154 Cal.App.4th 1302, 1312.) And no judgment shall be reversed for error unless it appears from the record that such error was prejudicial and resulted in substantial injury to the appellant, and "that a different result would have been probable" if such error had not occurred. (§ 475; see also Cal. Const., art. VI, § 13 [no judgment shall be set aside unless "error complained of has resulted in a miscarriage of justice"].)

Here, plaintiffs alleged that the construction project ended in September 2016 but did not file their lawsuit until more than three years

9

later, in December 2019. Atherton argues that plaintiffs' inverse condemnation cause of action under the Fifth Amendment of the United States Constitution is barred because it is subject to a two-year statute of limitations. "[A] litigant complaining of a violation of a [federal] constitutional right must utilize 42 U.S.C. § 1983" (*Azul-Pacifico, Inc. v. City of Los Angeles* (1992) 973 F.2d 704, 705), and section 1983 causes of action are subject to California's two-year statute of limitations for personal injury claims. (*Shalabi v. City of Fontana* (2019) 35 Cal.App.5th 639, 642.)

Atherton argues that plaintiffs' inverse condemnation cause of action under the California Constitution is barred because it is subject to a three-year statute of limitations. As set forth above, the California Constitution provides that property may not be "taken" or "damaged" without just compensation (Cal. Const, art. I, § 19, subd. (a)), and different limitations periods apply to the two parts of this provision. If private property is taken, the five-year statute of limitations related to acquisition of title by adverse possession applies. (*Ocean Shore Railroad Co. v. Santa Cruz* (1961) 198 Cal.App.2d 267, 270.) If private property is damaged, the three-year statute of limitations applies. (§ 338, subd. (j) (section 338(j)); *Smith v. City of Los Angeles* (1944) 66 Cal.App.2d 562, 585.) Atherton argues that the " 'gravamen' " of plaintiffs' inverse condemnation claim here is that their property was not taken, but damaged by construction that temporarily impaired access via an abutting roadway. (See *Hensler, supra*, 8 Cal.4th at p. 22 ["To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action"].)[4]

---

[4] At oral argument, McKee's attorney Rossi offered for the first time an argument that the statute of limitations on this inverse condemnation cause

We agree that plaintiffs' inverse condemnation claim alleges damage to the value of their property rather than a complete taking. *Ayon* is instructive, in that it explains property owners may maintain a condemnation action for "damages" based on substantial temporary interference with their right of access during construction. (*Ayon*, *supra*, 54 Cal.2d at p. 228.) And in other inverse condemnation cases related to construction on abutting property, appellate courts have applied the three-year statute of limitations in section 338(j). In *Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848 (*Lee*), for example, the plaintiff claimed her business was affected by buckling of the sidewalks and roadbed directly in front of property. (*Id.* at p. 851.) The appellate court concluded the three-year statute of limitations applied. (*Id.* at p. 854.) Like *Lee*, plaintiffs claimed here that Atherton's construction on the abutting road interfered with access to their gas station. They conceded the interference was temporary, as the construction only lasted three and a half months. Plaintiffs further conceded that the road was only closed to " 'through traffic,' " such that certain vehicles were still allowed through. But plaintiffs also claimed the interference was substantial, resulting in a 95 percent drop in gas station business receipts that forced the business to close. Accordingly, we conclude plaintiffs' inverse condemnation cause of action under the California Constitution was subject to the three-year statute of limitations in section 338(j).

In reaching this conclusion, we note plaintiffs' appellate briefing says

---

of action should be five years. His argument was untimely (*Estate of McDaniel* (2008) 161 Cal.App.4th 458, 463 [" '[C]ontentions raised for the first time at oral argument are disfavored and may be rejected solely on the ground of their untimeliness' "]), relied on a bald misrepresentation of the record, and failed to persuade.

little about Atherton's statute of limitations argument, even after its respondent's brief urged this as an alternate basis for affirming dismissal of plaintiffs' inverse condemnation claims. "It is not our responsibility to develop an appellant's argument." (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1190, 1206, fn. 11; see also *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 [treating failure to respond in appellate reply brief as implicit concession to respondent's argument].) To the extent plaintiffs presented theories *to the trial court* about extension of the statute of limitations by agreement, equitable estoppel, or equitable tolling, Atherton argues any error is still harmless because the court determined on summary judgment that plaintiffs had failed to raise any triable issue of material fact on these theories.

We see no basis to conclude that determination was in error. (*Building Industry Assn. of Bay Area v. City of San Ramon* (2016) 4 Cal.App.5th 62, 73 ["We review a grant of summary judgment de novo, effectively assuming the role of a trial court, and applying the rules and standards that govern a trial court's determination of a motion for summary judgment"].) As detailed above, plaintiffs attempted to rely on an inadmissible declaration regarding a purportedly misplaced hard-copy letter, as well as e-mails that no reasonable fact finder could conclude evidenced an agreement to extend the statute of limitations or made any affirmative misrepresentation regarding the applicable limitations period. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 ["There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof"].)

Nor are we persuaded that plaintiffs raised a triable issue of material

fact on their equitable estoppel theory. That theory was based on plaintiffs'
presentation of their prelitigation claims to Atherton. While plaintiffs were
not required to present both of their inverse condemnation claims, they
elected to do so in their March 27, 2017 and May 9, 2017 prelitigation claims.
(Gov. Code, § 905.1 ["No claim is required to be filed to maintain an action
against a public entity for taking of, or damage to, private property pursuant
to Section 19 of Article I of the California Constitution. [¶] However, the
board shall, in accordance with the provisions of this part, process any claim
which is filed against a public entity for the taking of, or damage to, private
property pursuant to Section 19 of Article I of the California Constitution"].)

Atherton had 45 days to act after the May 9, 2017 prelitigation claim
was presented. (Gov. Code, § 912.4, subd. (a) ["If a claim is amended, the
board shall act on the amended claim within 45 days after the amended claim
is presented"].) It is undisputed that Atherton took no action on either claim.
The claims were thus "deemed to have been rejected" by the end of that 45-
day period. (*Id.*, subd. (c) [requiring claim to be deemed rejected if board fails
or refuses to act on claim within prescribed time].)

Under these circumstances, we are not persuaded that plaintiffs have
shown their delay in filing a lawsuit until December 19, 2019 could constitute
" 'reasonable and good faith conduct' " to support equitable tolling of the two-
and three-year statutes of limitations for their inverse condemnation causes
of action. (*McDonald*, *supra*, 45 Cal.4th at p. 102.) The California Supreme
Court has construed this element of equitable tolling "to encompass two
distinct requirements: A plaintiff's conduct must be objectively reasonable
and subjectively in good faith." (*Saint Francis Memorial Hospital v. State
Dept. of Public Health* (2020) 9 Cal.5th 710, 729.)

As an objective matter, plaintiffs' inverse condemnation causes of

13

action were clearly time-barred, even assuming the statutes of limitations were equitably tolled during the pendency of the related prelitigation claims. It was undisputed that Marsh Road was opened to through traffic in both directions by August 26, 2016. Plaintiffs' inverse condemnation causes of action accrued on that date. (*Lee, supra*, 107 Cal.App.4th at p. 857 [in inverse condemnation action, "limitations period does not begin to run until the situation has *stabilized*"].) The statutes of limitations for these causes of action under the federal and state Constitutions would thus have run by August 26, 2018 or August 26, 2019, respectively. Even assuming a suspension for the 88 days when the related prelitigation claims were pending (43 days between the March 27th and May 9th claims plus 45 days afterward), the applicable statutes of limitations would still run to only November 22, 2018 or November 22, 2019, respectively. Plaintiffs, however, did not file their lawsuit until December 19, 2019.

Nor do we see any basis to support a longer suspension of the statute of limitations based on an extension of the 45-day period for the public entity to respond to the prelitigation claims. Government Code section 912.4, subdivision (b) provides that this period can only be extended by "written agreement" between the claimant and public entity. (*Id.*, subd. (b).) As explained above, plaintiffs provided no reasonable, objective evidence of any such written agreement.

In sum, we conclude plaintiffs' failure to file this action within the applicable two- and three-year statutes of limitations was fatal to their claim, so any error in sustaining Atherton's demurrer on the inverse condemnation causes of action could not support reversal of the judgment.

14

## II. Willful Misconduct

Plaintiffs argue that the trial court erred in sustaining Granite's demurrer on the willful misconduct cause of action. Specifically, they challenge the court's reasoning that plaintiffs did not state a viable cause of action because they alleged only economic harm to their gas station business, not physical injury or damage to their real property, and the "economic loss rule" forecloses recovery for monetary losses to a business.

But that was the trial court's basis for sustaining a demurrer by a *different* defendant, West Bay Sanitary District (West Bay), who is not a party to this appeal. The court had originally sustained West Bay's demurrer without leave to amend because "there is no such thing as a cause of action for wanton and willful misconduct." Plaintiffs then moved for reconsideration of the trial court's ruling on the willful misconduct cause of action as to *all* defendants. But the trial court only granted the motion for reconsideration as to *West Bay*. Upon reconsideration, the court acknowledged "there is a **tort** of wanton and willful misconduct under California common law," but sustained West Bay's demurrer because plaintiffs had alleged only economic harm, thereby failing to state a viable claim for wanton and willful misconduct.

We need not and do not address plaintiffs' arguments regarding this ruling as there is no indication it was applied to *Granite's* demurrer. Granite had argued in the trial court that the willful misconduct claim asserted against it was barred by the three-year statute of limitations for negligence, and the trial court sustained Granite's demurrer on this cause of action without leave to amend. Plaintiffs do not present any challenge regarding the applicable statute of limitations for their willful misconduct claim against Granite in their opening appellate brief, so we deem any such arguments

15

forfeited.  (Cal. Rules of Court, rules 8.204(a)(1)(B); *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115 (*Doe*) [appellant forfeits issue by failing to raise in opening brief].)

## III.  Section 1983

In a single cryptic paragraph of their opening appellate brief, plaintiffs argue that the trial court erred in sustaining defendants' demurrers on the section 1983 cause of action.  They contend the court did so based on a mistaken impression that it had sustained defendants' previous demurrers on these claims in the second amended complaint without leave to amend.

We disagree.  The trial court's ruling made clear that, as to certain causes of action (including section 1983) in the third amended complaint, those claims were *either* stricken as "procedurally improper" *or* "alternatively any DEMURRER is SUSTAINED WITHOUT LEAVE TO AMEND."  In their demurrers, Atherton and Granite had argued both that plaintiffs failed to state a claim under section 1983 and that any such claim was time-barred.  Plaintiffs do not present in their opening appellate brief any argument regarding the merits of their section 1983 claims or the applicable statute of limitations.  Again, we deem any such arguments forfeited.  (Cal. Rules of Court, rules 8.204(a)(1)(B); *Doe, supra,* 173 Cal.App.4th at p. 1115.)[5]

---

[5] Atherton moved to strike portions of plaintiffs' reply brief that raise new arguments and issues, including those regarding defendants' purported liability under section 1983.  We deny the motion as unnecessary because we do not consider any arguments made for the first time in the reply brief. (*Doe, supra,* 173 Cal.App.4th at p. 1115; see also *Rental Housing Owners Assn. of Southern Alameda County, Inc. v. City of Hayward* (2011) 200 Cal.App.4th 81, 94, fn. 12.)

Atherton also moved to strike portions of plaintiffs' appendix that contain full deposition transcripts, discovery responses not filed with the trial court, and illegible documents.  We deny the motion as unnecessary because we do not rely on these portions of the appendix, but remind counsel of the

## IV. Summary Judgment

Plaintiffs argue that the trial court erred in granting defendants' motions for summary judgment instead of continuing them.[6] Section 437c, subdivision (h) (section 473c(h)) requires a court to order a continuance "to permit affidavits to be obtained or discovery to be had, or make any other order as may be just" if it "appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented."

Plaintiffs concede they did not explicitly request any such continuance. Instead, they suggest that the request was "implied" by arguments in their opposition memoranda on summary judgment that certain discovery had not yet been taken, and thus the need for a continuance to conduct such discovery "should have been apparent to the court."[7]

Even assuming courts must grant a continuance sua sponte if the requirements of section 437c(h) are met, we are not persuaded plaintiffs made any such showing here. Section 437c(h) "requires more than a simple recital that 'facts essential to justify opposition may exist.' The affidavit or

---

obligation to ensure appendices comply with rules 8.124 and 8.144 of the California Rules of Court.

[6] Given the scope of plaintiffs' argument on appeal, we need not and do not address Granite's arguments regarding Chan's lack of standing, which was presented as an alternative basis for summary judgment on the merits (that the trial court did not reach).

[7] Granite includes a footnote in their respondent's brief suggesting we should consider imposing sanctions on plaintiffs for the characterization in their opening appellate brief that the trial court "denied" their request for a continuance. We decline to consider any such request for sanctions as procedurally improper. (See Cal. Rules of Court, rules 8.276 [detailing requirements for sanctions motion].)

17

declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715 (*Lerma*).)

In their opening appellate brief, plaintiffs contend additional discovery was needed to show Granite had notice of the pre-lawsuit claims presented to Atherton and to support plaintiffs' theory that the statute of limitations on its nuisance cause of action against Granite had been equitably tolled. But plaintiffs do not point to any affidavit opposing Granite's summary judgment motion that recites facts that may exist but that could not yet be presented, for reasons stated, in opposition to the motion. (*Lerma, supra*, 120 Cal.App.4th at p. 715.) Instead, plaintiffs assume additional depositions could have yielded such facts. This "bald assertion" is plainly insufficient to trigger a continuance required by section 437c(h). (*Lerma*, at p. 715.) "There is good reason for [a] more exacting requirement. The statute cannot be employed as a device to get an automatic continuance by every unprepared party who simply files a declaration stating that unspecified essential facts may exist. The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented." (*Id.* at pp. 715–716.)

Plaintiffs also appear to contend that additional discovery was needed to establish equitable tolling of the statute of limitations for their remaining promissory estoppel and nuisance claims against Atherton. In so doing, however, plaintiffs cite only evidence that was already before the trial court: the December 8, 2017 e-mail from the adjuster to Rossi requesting additional claim materials "[w]hen you have time," the April 3, 2018 e-mail from Rossi thanking the adjuster for his "patience," and the report of a hard-copy letter referenced in the inadmissible declaration from Rossi.

To the extent plaintiffs rely on Rossi's statements about the missing hard-copy letter, we are skeptical that inadmissible evidence is sufficient for a continuance required by section 437c(h). But even if Rossi had made his declaration under penalty of perjury, we are not persuaded that his statement regarding the purported letter would have satisfied section 473c(h). Rossi stated the letter had been "misplaced," which weighed *against* any argument that further discovery was necessary. There was no indication that plaintiffs' attempts to obtain the purported letter through discovery had been "thwarted" or that the letter would turn up in time. (*Krantz v. BT Visual Images* (2001) 89 Cal.App.4th 164, 174.) And Atherton's claims adjuster submitted an (admissible) declaration that no written agreement existed.

Even if the requirements of section 473c(h) were not met, plaintiffs rely on *Lerma* to argue that the trial court still had discretion to grant a continuance. "When a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of [section 437c(h)], the court must determine whether the party requesting the continuance has nonetheless established good cause therefor. That determination is within the court's discretion." (*Lerma, supra,* 120 Cal.App.4th at p. 716.) In *Lerma,* the appellate court concluded it was an abuse of discretion to deny a continuance where the plaintiffs' attorney declared that he was served the summary judgment motion while in the hospital for cancer surgery. (*Id.* at pp. 713, 718.) Plaintiffs do not make any argument in their opening appellate brief, or identify facts presented to the trial court below, that there were any similarly compelling circumstances establishing "good cause" for a continuance here, or that the trial court abused its discretion in declining to grant one. (*Id.* at p. 716.)

In sum, we conclude the trial court did not err in granting defendants' motions for summary judgment instead of continuing them.

## V. Motion for Attorney Fees

Atherton argues in its cross-appeal that the trial court erred in denying its motion for attorney fees under section 1038. Specifically, Atherton challenges the court's determination that plaintiffs had "reasonable cause" to continue with their remaining promissory estoppel and nuisance claims after the court granted Atherton's demurrer on other causes of action asserted in the third amended complaint. In other words, Atherton contends that plaintiffs maintained their action without reasonable cause after November 2022, when that demurrer was sustained.

Section 1038 authorizes certain defendants to recover reasonable attorney fees after prevailing on a summary judgment motion if the court determines the plaintiffs had not maintained their action with "reasonable cause" or in good faith. (§ 1038, subds. (a)–(b); see also *Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 862 (*Kobzoff*) [standard applicable to both bringing and maintaining action].) Recovery of such fees is available if the court determines that plaintiffs lacked *either* reasonable cause *or* good faith. (*Id.* at p. 853.) Here, Atherton's motion was based solely on the "reasonable cause" prong of section 1038.

"A defendant may not recover section 1038 costs simply because it won a summary judgment or other dispositive motion; victory does not per se indicate lack of reasonable cause." (*Kobzoff*, *supra*, 19 Cal.4th at p. 856.) " 'Reasonable cause' is an objective standard which asks whether any reasonable attorney would have thought the claim tenable." (*Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 888.) We review the trial court's "reasonable cause" determination de novo. (*Ibid.*)

As a preliminary matter, Atherton presents no challenge to the trial court's ruling that the section 1038 motion itself was "procedurally defective" because it did not specifically state the parties against whom the motion was brought. (See *Kobzoff*, *supra*, 19 Cal.4th at p. 856 [detailing notice requirements for section 1038 award].) We deem any such argument forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); see *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125 [failure to address alternative ground in appellate brief results in forfeiture].)

Nor are we persuaded by Atherton's arguments on the merits of its section 1038 motion. Atherton contends that "every reasonable attorney" would understand plaintiffs' promissory estoppel and nuisance claims were time-barred by the two-year statute of limitations under the Government Code. But plaintiffs had maintained two alternative theories on this issue: that the statute of limitations had either been (1) extended by agreement with Atherton or (2) equitably tolled.

Atherton argues that plaintiffs could not have reasonably believed there was any merit to the first theory. Atherton points to the December 8, 2017 e-mail from its claims adjuster to Rossi requesting additional claim materials "[w]hen you have time," and the April 3, 2018 e-mail from Rossi thanking the adjuster for his "patience," claiming neither could constitute a written agreement to extend the statute of limitations. But there were repeated representations by Rossi since at least his August 30, 2019 e-mail to the adjuster evidencing his impression that the statute of limitations had been extended. Even if this evidence was ultimately insufficient to raise a triable issue of material fact as to whether there was an agreement on an extension, a reasonable attorney could have thought it was premature to dismiss those claims before Rossi had been deposed. And in any event,

21

Atherton's failure to address plaintiffs' second theory—that the statute had been equitably tolled—is fatal to its argument that any reasonable attorney would have understood there was no basis for opposing summary judgment on plaintiffs' remaining claims.

Atherton also points to Chan's response to a request for admission that admitted "the statute of limitations to file suit against the Town of Atherton was not extended by the Town of Atherton or anyone acting on its behalf." But this discovery response does not address plaintiffs' equitable tolling theory or either theory as to plaintiff McKee. In any event, that response was provided *before* Rossi stated that there was a hard copy letter indicating such agreement that had been "misplaced." Again, while plaintiffs may have ultimately failed to present admissible evidence showing a triable issue of material fact, we cannot conclude that plaintiffs lacked "reasonable cause" to maintain their promissory estoppel and nuisance claims after the court granted Atherton's demurrer on the other causes of action.

We conclude the trial court did not err in denying Atherton's section 1038 motion.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

TUCHER, P. J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*Chan et al. v. Town of Atherton* (A170019)

22